**John W. DAILEY, Respondent,**

v.

**Roy H. STOUT, Appellant.**

**No. 23373.**

Kansas City Court of Appeals.

Missouri.

Feb. 5, 1962.

Edwin Earnshaw, Kirchner, Vanice & Earnshaw, Kansas City, for appellant.

Sidney H. Goldsmith, Charles J. Brennan, Kansas City, for respondent.

BROADDUS, Judge.

This is an action for malicious prosecution. There was a verdict and judgment in favor of plaintiff for compensatory damages in the sum of $1500, and $1000 for punitive damages. Plaintiff involuntarily remitted $1300 of the actual damages. Defendant has appealed.

The appellant, Roy H. Stout, and others were defendants in a criminal prosecution instituted by the United States in the District Court of Kansas, concerning alleged bribes or "kick-backs" to the purchasing agent for the Buick-Oldsmobile-Pontiac plant at Fairfax, Kansas, while that company was prime contractor for the construction of air-craft in 1951 to 1954. The purchasing agent was named John W. Dailey, as is the respondent here, and had received monies, allegedly bribes for which he gave appellant a written promissory note. The criminal case was to be tried in the United States District Court on June 1, 1959, and appellant's counsel urged that suit be filed on the note in order to demonstrate that appellant had not made a gift to the purchasing agent, Dailey, but expected the return of the money. And on May 29, 1959, appellant instituted an action in the Circuit Court of Jackson County, Missouri, at Kansas City, to recover $610 with interest at 5%, alleged to be due him on the promissory note. John W. Dailey was named as defendant in that action. Service of summons was made on respondent. Appellant's evidence was that he was informed that the criminal defendant had left Lenexa, Kansas, where he had lived in 1951–1954, and was living in the south part of Kansas City.

Records pertaining to the true indentity and residence of the criminal defendant John W. Dailey were kept in the Clerk's Office of the United States District Court of Kansas, and apparently in the U. S. Marshal's office. These records disclosed that said defendant resided at 2220 Northview Street, Manhattan, Kansas, as of March 8, 1956, and later the same address was shown as of May 20, 1959.

The respondent here, John W. Dailey, has been an upholsterer for sixteen years immediately preceding the trial herein; has been employed at Horton's Upholstering, 7323 Troost Avenue, Kansas City, Missouri, for the six and one-half years immediately preceding the trial; has lived at the same address, 7000½ Prospect, Kansas City, Missouri, for six years and has lived in this City all of his life.

Respondent was never personally contacted by appellant before the suit on the note was filed. Said suit was not dismissed of record until more than twenty days after summons was served on respondent, and in fact, not until after the criminal proceedings against appellant had been terminated in the Kansas Federal Court.

Appellant's first point is that the court erred in giving Instructions Nos. 1 and 10 "permitting an award of actual damages when the only evidence concerned nominal damages."

Instruction I purports to cover respondent's case and directed a verdict. Instruction 10 is a standard instruction setting out a form of verdict for actual damages.

An examination of the transcript discloses that there was substantial evidence offered showing that respondent sustained actual damages, at least in the amount that the trial court permitted to stand, to-wit, $200. Notice that suit had been filed against him by appellant was published in a newspaper called "The Daily Record" which has a large circulation among banks, credit agencies and the Kansas City Credit Men's Association. Respondent testified that he "had trouble cashing checks or getting any credit or anything that way." Respondent also became obligated to pay an attorneys fee in the defense of the suit instituted by appellant. That reasonable counsel fees may be recovered in an action of this kind is no longer an open question in this State. Gregory v. Chambers, 78 Mo. 294.

Appellant also contends "that the court should have instructed as to nominal damages." In civil cases the court is not required to instruct upon any proposition of law arising in a case unless requested. Silberman v. Hicks, 231 S.W.2d 283, 286 (Mo.App.). Appellant having failed to offer an instruction on nominal damages is in no position to complain.

Appellant's remaining contention is that the trial court failed to instruct the jury "that the appellant was excused if he acted on an honest and reasonable belief of appellant acting with reasonable prudence under the circumstances as they appeared to him at the time he acted, and not as they ultimately appeared."

At appellant's request the court gave Instruction No. 8, which reads as follows:

"The court instructs the jury that if you find and believe from the evidence that the defendant, Roy Stout, had probable cause for directing service of process upon this plaintiff, if you so find, then your verdict must be for the defendant and against the plaintiff.

"The court further instructs you that probable cause *does not depend upon what may ultimately be proved* to be the actual state of facts embraced in the previous suit on the note, *but instead upon the honest or reasonable belief* of the one who instigated such action." (Emphasis ours.)

If defendant desired a further explanatory or cautionary instruction dealing with this matter it was his duty to request it. This he did not do. Furthermore, his motion for new trial contains no reference to the contention he now makes.

Finding no error in the transcript prejudicial to appellant, the judgment is affirmed.

All concur.