Joseph F. THOMAS, Plaintiff-Appellant,

v.

FRED WEBER CONTRACTOR, INC., Defendant-Respondent.

No. 34683.

Missouri Court of Appeals, St. Louis District, Division 2.

Aug. 14, 1973.

Jack C. Harper, Clayton, for plaintiff-appellant.

Fitzsimmons & Fitzsimmons, Clayton, for defendant-respondent.

SMITH, Presiding Judge.

Plaintiff appeals from a judgment of $3000.00 in his favor following a jury verdict. His only contention on appeal is that the court erroneously excluded from evidence a letter from a neurologist (who examined plaintiff) to plaintiff's osteopath, relating to plaintiff's claimed loss of smell and taste. Defendant's truck backed into plaintiff's automobile while plaintiff was stopped causing plaintiff's face to strike the steering wheel.

The letter in question was identified by the neurologist's secretary and is set forth in full in the margin.[1] The court sustained defendant's objection to the letter . . . "on the basis that it is not that type of record which is encompassed within the purview of the Uniform Business

---

1. "Dear Dr. Prim:

"Joseph Thomas was seen in the office today. He states that he was stopped in his automobile the 7th of August, 1969, when a truck backed into his car. His head hit the steering wheel and he thinks that temporarily he may have been blind. Within a few moments however, he seemed to do much better, but subsequently developed occipital headaches, numbness in the right shoulder and noticed absence of smell and for these symptoms, he sought medical attention.

"The headaches were for a time quite severe and the patient would lie on his back on the floor to gain relief, but subsequently the headaches have become much less of a problem and now he is working regularly as a logistician and is not greatly bothered by them. He has also had what he calls a creeping numbness in the right shoulder, that is now present only on occasion. It is aggravated by exercise and in the absence of exercise, this is seldom a symptom. By far the most bothersome symptom has been complete loss of smell and taste. He smells nothing, except on occasion he has an unpleasant odor and this is the only type of odor he ever experiences. It is not related to any particular substance and is most often elicited by proximity to a volatile substance. He states that skull films and films of the neck have been made and were reported as normal.

Records Act . . ." We will assume that the requirements of Section 490.680 RSMo 1969, V.A.M.S. (the business records act) concerning the qualifications of the witness, the mode of preparation of the document, the regular course of business, and the timely preparation have been established.

■ We note, however, that once those requirements have been established one further requirement remains. The document must meet the test that " . . . in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission." This provision of the statute vests in the trial court a considerable discretion in passing upon the admissibility of the document. See Dickerson v. St. Louis Public Service Company, 365 Mo. 738, 286 S.W.2d 820 (En banc 1956) [12, 13]; State v. Winn, 324 S.W.2d 637 (Mo.1959) [4]. This discretion requires a determination whether the document has a sufficient probative value to outweigh the opposing party's opportunity to test the factual statements and conclusions by cross-examination. Business records carry a presumption of probity by nature of their preparation, but the record may on its face raise sufficient doubts as to overcome that presumption and to warrant a trial court, in its discretion in refusing admission. We do not find that the trial court abused its discretion.

It should be noted that the report indicates all actual examinations made by the doctor produced normal results. No tests nor examinations for the claimed defects of taste and smell are reflected in the report. The doctor's conclusions that such conditions existed were based solely on what the plaintiff told him. There is no indication that in taking the patient's history the doctor made any inquiry to elicit whether the symptoms could have resulted from something other than the automobile accident. The cause of the claimed defects was determined solely upon the plaintiff's thinking "temporarily he may have been blind," which the doctor thereafter converted into a definite fact of temporary blindness. The doctor then concluded that a recoil (not indicated in the history) *probably* caused a tearing of the olfactory nerves which *probably* caused the loss of the sense of smell which is *unlikely* to improve. The indefiniteness of the doctor's conclusions, and the lack of complete history or testing warranted the trial court's determination that the document did not meet the discretionary requirements of the statute.

Judgment affirmed.

SIMEONE and KELLY, JJ., concur.

---

"He is a very cooperative, agreeable patient, who appeared comfortable at the time of the examination. His gait and station are normal. There is no abnormality to palpation of the head or neck. Pupils are equal and small. Fundi were not well visualized. Extraocular muscles were intact. He has good carotid pulses and no Bruit. Facial motion is normal. Lower cranial nerves are intact. He has a normal range of neck motion, without discomfort. He has a normal range of motion in both upper extremities, including the shoulder girdles. There is no weakness or atrophy in the upper extremities and no sensory loss. Reflexes are normal.

"I have told him there is no evidence of an expanding intracranial problem or of persistent nerve root or spinal cord compression. I expect that the headaches and right shoulder paresthesias will continue to improve. I have told him the sense of smell is probably a result of stretching or tearing of the olfactory nerves and it is unlikely that there will be any recovery. Loss of taste is of course a direct result of the loss of smell. It is interesting that he had an injury in the anterior, posterior axis of the head. It must have been quite severe and I think the transient blindness was probably occipital lobe concussion. A recoil then would produce an injury in the frontal area and is probably caused tearing of the olfactory nerves. I told Mr. Thomas I was sorry, but I did not feel I could help him and made no return appointment.

"Thank you for referring him."