■ VICTOR CAMPBELL et al., Respondents, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Appellant, et al., Defendant, and FRED BAILEY, Respondent. — Judgment, Supreme Court, Bronx County, entered March 24, 1980 on a jury verdict on the issue of liability only in favor of the plaintiffs against the defendant Manhattan and Bronx Surface Transit Operating Authority (MABSTOA), and in favor of the defendant Fred Bailey (Bailey), unanimously reversed, on the law and the facts, and a new trial ordered, with costs to abide the event. Plaintiff Victor Campbell was a passenger in an automobile owned and driven by the defendant Bailey, which was in a collision with a bus traveling in the opposite direction at a curved portion of the road on Claremont Parkway, a two-lane, two-way roadway without a parking lane, in The Bronx. At issue is which of the two vehicles entered the lane in which the other was traveling and thus caused the collision. MABSTOA asserts that three errors committed by the trial court require a new trial. It offered in evidence a report of a police officer who was not a witness, which it now concedes was inadmissible as premised upon inadmissible hearsay. The bus driver, the apparent source of the information, had already testified. However, MABSTOA also offered a redacted version of the report containing only a diagram of the purported location of the vehicles at the time of impact, made by the officer. In our view, the trial court properly excluded the diagram. The evidence showed that the vehicles had been moved by the tow truck or the bus operator or both prior to the time the officer arrived. The only relevance of the diagram would be to show the point of impact or the position of the vehicles immediately after the accident. Apparently the sole source of the information on which the diagram was based was the bus driver. The car had been towed to the side of the road prior to the arrival of the officer. The officer took no measurements and made no independent investigation. There was also evidence that the bus was at the curb when the officer arrived. The diagram purported to show the point of impact. A nonwitness police report or diagram purporting to show the location of the vehicles immediately after an accident is admissible when it is shown that the vehicles were not moved before the report or diagram was made (Penner v Central School Dist. No. 1, 40 AD2d 883, mot for lv to app den 31 NY2d 645; Horton v Smith, 71 AD2d 748, 749; Lee v De Carr, 36 AD2d 554). As the cited cases hold, such a report or diagram may also be admissible where there are skid marks and measurements have been taken by an officer who is an expert in traffic reconstruction (see Toll v State of New York, 32 AD2d 47; CPLR 4518). MABSTOA also offered in evidence the hospital record of the defendant Bailey. Although there was some confusion concerning its legibility, created in part by the statements made by MABSTOA's attorney at the time of the offer, it is plain that at least that portion of the hospital record respecting Bailey, which states: "No other apparent surgical injury. However no history available due to heavy ETOH intoxication" was legible enough and was admissible. A hospital record which contains a report that the person admitted to the hospital was intoxicated is admissible, since such condition is pertinent in connection with diagnosis and treatment of the patient (CPLR 4518;

*Williams v Alexander,* 309 NY 283; *Tyson v Bittner,* 3 AD2d 861). The exclusion of the hospital record requires reversal and a new trial. Evidence of the condition of the driver of the car was highly relevant in determining the issue of liability. There was no error in the refusal of the Trial Judge to charge that the police officer was a disinterested witness. He properly charged that the testimony of the police officer was to be weighed in the same manner as the testimony of other witnesses. Concur — Sandler, J.P., Sullivan, Markewich, Lupiano and Fein, JJ.