**James H. SULLIVAN,
Plaintiff-Appellant,**

v.

**KSD/KSD–TV, and G. Chris Condon,
Defendants-Respondents.**

**No. 46609.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 15, 1983.

Edward P. McSweeney, St. Louis, for plaintiff-appellant.

**50**

Robert B. Hoemeke, St. Louis, for defendants-respondents.

KAROHL, Presiding Judge.

Plaintiff, James H. Sullivan, an employee of the City of St. Louis and property owner in St. Francois County, sued G. Chris Condon, a newscaster, and Condon's employer, KSD/KSD–TV, Inc., in six counts. Four of the counts were submitted to the jury:[1] Count I, intrusion upon seclusion invasion of privacy against both defendants; Counts II and V, false light invasion of privacy against defendant KSD/KSD–TV, only; and Count IV, trespass against both defendants. The jury returned verdicts in favor of KSD/KSD–TV on Counts II and V. The jury found in favor of the plaintiff on Count I and awarded $5000.00 actual and "none" punitive damages. The jury also found in favor of plaintiff on Count IV, trespass, but awarded "0" actual and "none" punitive damages. Plaintiff requests a new trial on Counts I and IV only, claiming that the trespass verdict is contradictory and therefore a nullity because no damages were awarded, and that the trial court erred in excluding evidence of net worth of the corporate defendant relevant to the jury's consideration of punitive damages on Counts I and IV. Judgment affirmed.

We first address plaintiff's attack on the award of no damages on Count IV, trespass. The jury returned a verdict in favor of plaintiff on this count but awarded defendant "0" actual damages and entered "none" as the punitive damages awarded. The following instructions tendered by plaintiff were submitted to the jury on Count IV:

Instruction No. 7

Your verdict must be for plaintiff and against defendants if you believe: Defendant Condon intentionally entered onto plaintiff's property without lawful authority. [not MAI]

Instruction No. 9

If you find in favor of plaintiff, then you must award plaintiff such sum as you

believe will fairly and justly compensate plaintiff for any damages you believe he sustained as a direct result of defendant Condon's entry onto plaintiff's land. [MAI 4.01]

Instruction No. 10

If you find the issues in favor of plaintiff, and if you believe the conduct of defendant Condon as submitted in Instruction No. 7 was willful, wanton, or malicious, then in addition to any damages to which you find plaintiff entitled under Instruction No. 9, you may award plaintiff an additional amount as punitive damages in such sum as you believe will serve to punish defendants and to deter them and others from like conduct.

If punitive damages are assessed, the amounts assessed against each defendant may be the same or they may be different.

The term "malicious" as used in this Instruction does not mean hatred, spite, or ill will, as commonly understood, but means the doing of a wrongful act intentionally without just cause or excuse. [MAI 10.01, 10.03, 16.01]

Plaintiff contends that the trespass verdict of the jury, finding for plaintiff but awarding no damages, was self-contradictory and therefore void. In support of his argument plaintiff cites *Boone v. Richardson,* 388 S.W.2d 68 (Mo.App.1965), a negligence case. *Boone* stands for the proposition that in a negligence case where the jury finds in favor of the plaintiff and awards no damages, the verdict is so contradictory as to be a nullity. In such case, the verdict directing instruction requires the jury to find both negligence by defendant and resulting damages to plaintiff. See MAI 17.01, 17.02; *Pietrowski v. Mykins,* 498 S.W.2d 572, 579 (Mo.App.1973). Because nominal damages are available in trespass actions, however, *Hyre v. Becker,* 18 S.W.2d 137, 140 (Mo.App.1929), a plaintiff's verdict directing instruction in such action need not include a finding of resulting damages to

1. The disposition of Counts III and VI cannot be determined from the record on appeal.

survive the test of sufficiency. *See Aubuchon v. LaPlant,* 435 S.W.2d 648, 652 (Mo. 1968). All that was necessary under the trespass verdict director submitted in this case as Instruction No. 7 was a finding of intentional unauthorized entry upon plaintiff's land, and the jury so found. Instruction No. 9 required the jury to consider the damage, if any, to plaintiff's real estate, i.e., actual damages, and it found "0." The jury found a technical trespass but no damage. We find no inherent contradiction in the verdict. *See Patison v. Campbell,* 337 S.W.2d 72, 75–76 (Mo.1960) (jury verdict in wrongful death action for the plaintiff where no actual damages were awarded found not to be contradictory).

■■■ Although plaintiff correctly asserts that one prevailing on a trespass count is generally entitled to at least nominal damages, *Hyre v. Becker,* 18 S.W.2d at 140, "[i]n civil cases the court is not required to instruct upon any proposition of law arising in a case unless requested." *Dailey v. Stout,* 353 S.W.2d 833, 835 (Mo.App.1962). Although *Dailey* was a pre-MAI trespass case there are no MAI verdict directing or damage instructions specifically for trespass. Here, the plaintiff not only did not request a damage instruction requiring the jury to find at least nominal damages, all the instructions offered by the plaintiff were submitted. Generally, a party may not complain of error in instructions it requested, *Stevenson v. First National Bank of Callaway County,* 604 S.W.2d 791, 795 (Mo.App.1980), or the failure of the court to give an instruction not requested. *See Chaussard v. Kansas City Southern Railway Co.,* 536 S.W.2d 822, 827 (Mo.App.1976). If the plaintiff had asked for an instruction requiring the jury to find at least nominal damages he would have been entitled to it.[2] Plaintiff's first point is denied.

■■■ Plaintiff next contends part of its evidence of KSD/KSD–TV's net worth was improperly excluded and such evidence could have affected the jury's consideration of punitive damages. The court excluded two appraisal letters, and plaintiff read into evidence balance sheet figures of net worth substantially less than those mentioned in the appraisals. According to plaintiff's contention, the appraisals were ordered by a member of the board of directors of both Pulitzer Publishing Company and KSD/KSD–TV, kept in the normal course of Pulitzer's business, and were therefore admissible under the business records exception to the hearsay rule.

The jury was authorized, but not required, by the instructions to award punitive damages if it found the defendants' actions willful, wanton or malicious. The jury chose to award no punitive damages. Under these circumstances, the plaintiff was not prejudiced because the error, if it was error, in excluding the estimates was harmless. *Cf. Russell v. Kotsch,* 336 S.W.2d 405, 410 (Mo.1960) (where jury verdict was for defendant, no prejudice resulted from exclusion of plaintiff's evidence of damages).

Further, we find no error. The requirements of § 490.680, RSMo 1978, of the Business Records Act, were not met in that the mode of preparation of the appraisals, the sources of information, the qualifications of the appraisers, if any, and the method and time of preparation were not matters of foundation evidence, and the trial court is vested with considerable discretion in the admission of alleged business records. *Thomas v. Fred Weber Contractor, Inc.,* 498 S.W.2d 811, 813 (Mo.App.1973). We find no abuse of discretion.

The judgment is affirmed.

REINHARD and CRANDALL, JJ., concur.

---

2. Because plaintiff has not raised the point, we need not discuss whether the trial court should have entered a judgment for $1.00 of nominal damages on this verdict. The appeal is directed only at the contended inconsistency of the verdict and not the failure of the judgment to award $1.00 of nominal damages.