Jean LIBBY, Appellant,

v.

John C. HILL and Kenneth Brooks, Respondents.

No. WD 35396.

Missouri Court of Appeals, Western District.

March 5, 1985.

J. Kirk Rahm, Rahm, Rahm & Dandurand, P.C., Warrensburg, for appellant.

N.R. Bradley, Bradley, Langdon & Bradley, Lexington, for respondents.

Before LOWENSTEIN, P.J., and NUGENT and BERREY, JJ.

LOWENSTEIN, Presiding Judge.

This case involved a wrongful death suit arising out of a motorcycle/school bus collision. Appellant, Jean Libby, is the widow of the motorcycle driver, Richard Libby. The jury found for the defendants, Brooks, the bus driver, and Hill, Brooks' employer, finding the decedent either failed to keep a careful lookout, drove at excessive speed, or failed to operate his motorcycle on the right half of the roadway.

The accident occurred in an early morning fog when the bus was making a left

hand turn off a Highway 24 onto a gravel road near Lexington. The motorcycle, going the same direction as the bus, hit it broadside, just to the front of the rear wheel on the drivers side. Libby's claim was that the bus had overshot its turn and had backed up on the pavement and so was at a more perpendicular angle than it should have been. Libby also claimed the bus lights were not on so as to give the decedent ample time to brake, and that the bus had not made a left turn signal.

Two of Libby's points on appeal concern diagrams that were kept out of evidence. One was Plaintiff's Exhibit 2B, a tracing of a drawing of the accident scene made by the investigating Highway Patrolman. Libby contends the diagram was critical for proving the angle of the bus. However, the trial court sustained the defendants' objection to its admission on the grounds that the diagram was not drawn to scale, nor based on measurements, thus they were only an approximation and speculative and not competent evidence.

■ Libby cites a number of cases, such as *Martin v. Sloan*, 377 S.W.2d 252 (Mo. 1964), for the proposition that whether a drawing is to scale goes to the weight of evidence not its admissibility. But that is not the only problem here. The officer admitted on direct examination that he had *not* measured the angle of the bus in relationship to the highway. Thus, there was no guarantee of accuracy of the drawing regarding the very aspect on which Libby planned to rely. Trial judges are afforded wide discretion on permitting a witness to utilize diagrams in explaining his testimony. The court in *Cantrell v. Superior Loan Corp.*, 603 S.W.2d 627, 643 (Mo.App. 1980), said that "when the use of such articles would not assist the jury to better understand the testimony of the witness, the court, may in its discretion refuse to admit an exhibit." *See also Campbell v. Manhattan & Bronx Surface Transit Operating Authority*, 81 A.D.2d 529, 438 N.Y.S.2d 87, 88 (1981), where a police officer's diagram was properly excluded because he was not a witness to the accident

and had taken no measurements and made no independent investigation.

■ While *admission* of this diagram would also have properly been within the trial judge's discretion, this court's scope of review is limited by Rule 84.13(b) to whether the alleged error materially affected the merits of the action. As this court said in *Davis v. Mathews*, 649 S.W.2d 256, 259 (Mo.App.1983), "error in the admission of evidence is not grounds for reversal if it does not prejudice the complaining party or adversely affect the jury in reaching its verdict." *Green v. Stanfill*, 641 S.W.2d 490, 492 (Mo.App.1982). In this case Libby was able to thoroughly examine the police officer about his observations. Furthermore, the theory that the bus had backed up was put before the jury through the testimony of a witness who spoke with the bus driver shortly after the accident. It cannot be said the absence of this diagram materially affected Libby's case. The trial court's ruling to reject the diagram which might have aided the jury in understanding what happened, did not however, amount to an abuse of discretion. *O'Laughlin v. Barstow*, 654 S.W.2d 95, 97 (Mo.App.1983).

■ The second diagram, Plaintiff's Exhibit 115, that was kept out of evidence was a rough sketch by defendant Hill, drawn at the scene the day of the collision. Libby wanted to use this diagram to impeach Hill's testimony about the angle of the bus. But as with the police diagram, no measurements were taken of the angle—in fact the sketch was not made on his own observation of the bus, but on hearsay of others. The drawing was made merely to orient Hill with what had happened, and involved nothing more than speculation. For the same reasons as the first point discussed, the trial court did not abuse its discretion in refusing to admit Hill's sketch.

In sum, the plaintiff's theory of the bus missing the turn and backing up to make it, was not kept from the jury by the non-receipt of the two diagrams. The trooper and two witnesses testified as to the location and angle of the bus just after the

accident. The trooper's exhibit probably should have been allowed in evidence for whatever its worth. That it wasn't does not amount to error materially affecting the merits of the action and causing reversal. Rule 84.13(b). Both points on the diagrams are denied.

 Libby's next contention is that the trial court committed prejudicial error when following a recess during direct examination of defendant Brooks, it stated, "Now Mr. Brooks, you have been sworn to tell the truth, and I know you will." Libby did not, however, make an objection to the statement either at that time or later. As the court held in *Morrison v. Thomas*, 481 S.W.2d 605 (Mo.App.1972), prejudicial remarks made by the court must be seasonably objected to or the question will not be ordinarily reviewed on appeal. Libby asks in the alternative that the statement be reviewed under the plain error rule 84.-13(c). But no manifest injustice can be found where the court was merely reminding the witness that he was still under oath and was expected to tell the truth.

The next point concerns the court's limitation of Libby's closing argument as to drawing a negative inference from the defendant's failure to call witness Bonnie Hoeppner. Hoeppner, an employee of Hill and co-worker of Brooks was the first person at the scene. However, she was not present when the accident actually occurred. She did not get out of her car to assist, but merely manuevered her car around the bus. Mr. DeBoard who was driving a car immediately behind Hoeppner's was called as a witness by the plaintiff, as was the driver of the third car on the scene who happened to crash into the bus rather than go around it. DeBoard testified there was a space of three feet between the rear of the bus and edge of the highway, and using the south shoulder followed the Hoeppner car past the bus.

 As the Missouri Supreme Court said in *Leehy v. Supreme Express & Transfer Co.*, 646 S.W.2d 786, 790. (Mo. banc 1983), "the failure of a party to call a witness having knowledge of facts and circum-

stances vital to the case generally raises the presumption that the testimony would be unfavorable to the party failing to proffer it." Furthermore, there is a presumption that an employee is more available to an employer than to the opposing party, and a negative inference may be argued. However, in *Barnett v. Equality Sav. & Loan Ass'n, Inc.*, 662 S.W.2d 924, 926 (Mo. App.1983), the court held that this is not a hard and fast rule and "in circumstances where the employee's non-produced evidence is corroborative or cumulative to other evidence, the negative inference may not be argued."

 In this case Libby asserts Hoeppner would testify as to the angle of the bus, and whether the bus's lights were on, including the left turn signal. Driver's of the second and third cars on the scene testified that they did not see any lights on the bus. Libby did not choose to ask about the left turn signal, and she cannot now claim that Hoeppner would have been asked anything more specific. A question about lights would seem to encompass turn signals. There was also ample testimony from the witnesses about the angle of the bus. Hoeppner's testimony could have been cumulative, and the trial court properly denied any negative inferences.

 The last point concerns Jury Instruction No. 6, which was a contributory negligence instruction. Libby contends that the part of the instruction which hypothesized that "decedent failed to operate his motorcycle on the right half of the roadway" was without evidentiary support. But even Libby admits the evidence is clear that the decedent's motorcycle was on the left half of the road when the crash occurred. Whether the decedent was *negligent* in doing so or was justified because he was trying to avoid the collision is a question for the jury, and has nothing to do with the submissibility of Instruction No. 6. Even though this was a not-in-MAI instruction based on § 304.015(2) RSMo (1978), the Missouri Supreme Court decision in *Friederich v. Chamberlain*, 458 S.W.2d 360, 366

(Mo. banc 1970), still applies. The presence of a motor vehicle on the wrong side of the road at the time of the collision is, of itself, sufficient to create an inference of negligence. This point is therefore denied, and the action of the trial court is in all aspects affirmed.

All concur.