**Paul NIEHAUS, III, Appellant,**

v.

**McDONALD'S SYSTEM, INC., Respondent.**

No. 48737.

Missouri Court of Appeals, Eastern District, Division Three.

March 12, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 17, 1985.

Application to Transfer Denied June 25, 1985.

Gregory D. O'Shea, St. Louis, for appellant.

J. Patrick Chassaing, St. Louis, for respondent.

CLEMENS, Senior Judge.

Plaintiff Paul Niehaus sued corporate defendant McDonald's System for damages for personal injuries. On defendant's motion the court granted summary judgment against plaintiff on his amended petition. Plaintiff has appealed.

Plaintiff had pleaded that while he was defendant's customer at its restaurant at 4015 Lemay Ferry Road in St. Louis a defendant's employee without just cause attacked and injured him, maliciously caused his arrest and to be charged with being drunk in public. Plaintiff sought actual and punitive damages.

By counsel defendant moved for summary judgment on the grounds defendant neither owned nor controlled the mentioned restaurant, nor employed the alleged employee. This motion was supported by the affidavit of McDonald's vice-president and general counsel declaring: Neither defendant nor any affiliate conducted a business at the named location or hired the employee who allegedly assaulted plaintiff nor did

**818**

it authorize the alleged restraint or prosecution of plaintiff.

To defendant's motion for summary judgment plaintiff, by an unverified answer, pleaded defendant's motion for summary judgment "alleges facts unsupported by evidence or admissions in pleadings, further raising issues of fact which need to be proved by competent evidence."

On all this the trial court gave the parties due notice and after hearing counsels' argument sustained defendant's motion for summary judgment. Plaintiff appealed.

By plaintiff's brief here he relies on two cases: Thomas v. Fred Weber Contractor, Inc., 498 S.W.2d 811 (Mo.App.1973) was about the statutory admissibility of business records. That is irrelevant here. Plaintiff also cites Regional Inv. Co. v. Willis, 572 S.W.2d 191[14] (Mo.App.1978), declaring summary judgment will be granted when the record shows no issue on a material fact and as here pleaded conclusions.

In contrast defendant here cites three relevant cases. Sturgeon v. State Bank of Fisk, 616 S.W.2d 578[1] (Mo.App.1981), ruled that where the defendant did not challenge an affidavit for summary judgment in the trial court it is to be considered there and on appeal. In Scaife v. Kansas City Power and Light Co., 637 S.W.2d 731[1, 2] (Mo.App.1982), the court held that when the plaintiffs failed to respond to defendant's summary judgment motion by "either a verified denial or counter-affidavit, the facts in support of defendant's motion are deemed admitted." See also Labor Discount Center, Inc. v. State Bank & Trust Co., 526 S.W.2d 407[42, 43] (Mo.App. 1975).

On the basis of defendant's motion for summary judgment the trial court properly dismissed plaintiff's petition.

Affirmed.

DOWD, P.J., and CRANDALL, J., concur.