**Sheda VASSEGHI, Appellant,**

v.

**D. Kent McNUTT, Respondent.**

**No. WD 43636.**

Missouri Court of Appeals,
Western District.

June 18, 1991.

John A. Ruth and Sarah J. Maxwell, Brydon, Swearengen & England, P.C., Jefferson City, for appellant.

Erwin L. Milne and Peggy D. Richardson, Stockard, Andereck, Hauck, Sharp and Evans, Jefferson City, for respondent.

Before TURNAGE, P.J., and
LOWENSTEIN and BRECKENRIDGE, JJ.

BRECKENRIDGE, Judge.

This is a direct appeal from a jury verdict and judgment for Defendant McNutt. Judgment is affirmed.

This appeal arises from an automobile accident involving an automobile driven by Appellant Sheda Vasseghi and the other driven by Respondent Kent McNutt.

The facts as viewed in the light most favorable to the verdict are as follows:

Plaintiff Sheda Vasseghi and Defendant D. Kent McNutt were involved in an automobile accident at an intersection in Jefferson City, Missouri. Defendant McNutt was traveling east on East Miller Street and had a stop sign at the intersection with Jackson Street. Plaintiff Vasseghi was

traveling north on Jackson Street and had no stop sign or traffic control device at the intersection with East Miller Street.

On the morning of the accident in question it was cloudy and lightly misting. Plaintiff Vasseghi did not have her windshield wipers on; defendant did. Defendant McNutt stopped at the intersection. There was a vehicle parked next to the curb along East Miller Street immediately adjacent to the stop sign. There were also some vehicles parked along the west side of Jackson Street south of the intersection, the third or forth being a pickup truck with a camper shell. Defendant McNutt pulled half to three-quarters of a car length into the intersection and, out of his peripheral vision, saw plaintiff's car sliding towards him with the tires locked. Plaintiff Vasseghi was attempting to make a left turn onto East Miller Street. Defendant McNutt took his foot off the accelerator and applied his brakes. Defendant McNutt was almost stopped at impact; a second or two before the impact plaintiff's speed was approximately 25 miles per hour.

Plaintiff Vasseghi's vehicle was damaged on the left front side, the damage extending to the middle of the front tire. Defendant McNutt's car was damaged on the right front headlight assembly.

The case was tried to a jury which returned a verdict assessing 100% of the fault against the plaintiff and 0% against defendant. Plaintiff Vasseghi's motion for new trial was not ruled upon within 90 days and, therefore, was denied. This timely appeal followed. Any other facts necessary to dispense with this matter will be discussed, *infra.*

Plaintiff Vasseghi presents these points on appeal which, in summary, charge that the trial court erred: (1) in giving defendant's comparative fault instruction because the assignments of negligence regarding excessive speed and failure to keep a careful lookout were not supported by the evidence; (2) in overruling plaintiff's objection to defendant's closing argument; and (3) in admitting defendant's Exhibit F because it did not fairly and accurately depict the scene of the accident and, further, Exhibit F was not properly disclosed to plaintiff during pre-trial discovery.

Plaintiff Vasseghi first argues the trial court erred in submitting MAI 37.02, Revised 1986, as Instruction No. 9, because it is not supported by the evidence. The challenged instruction, allowing the jury to assess comparative fault, is as follows:

In your verdict you must assess a percentage of fault to plaintiff, whether or not defendant was partly at fault, if you believe:

First, either:

plaintiff drove at an excessive speed, or plaintiff failed to keep a careful lookout, and

Second, plaintiff, in any one or more of the respects submitted in paragraph First, was thereby negligent, and

Third, such negligence of plaintiff directly caused or directly contributed to cause any damage plaintiff may have sustained.

It is not necessary to reach the issue of whether there was a sufficient evidentiary basis for submission of the comparative fault instruction. Under Missouri's comparative negligence doctrine, error in giving a comparative fault instruction is harmless when the jury apportions no percentage of fault to defendant. *Mino v. Porter Roofing Co., Inc.,* 785 S.W.2d 558, 562 (Mo.App. 1990); *Hyman v. Robinson,* 713 S.W.2d 300, 301 (Mo.App.1986). The jury verdict in this case apportioned no percentage of fault to Defendant McNutt, Plaintiff Vasseghi's point is denied.

Plaintiff Vasseghi's second point pertains to Defendant McNutt's closing argument. Counsel stated: "I would submit to you that had she [plaintiff] slowed down and executed a proper left turn, this accident would have never happened."

As stated in *Heshion Motors v. Western Intern. Hotels,* 600 S.W.2d 526 (Mo.App. 1980):

[M]isstatements of law are impermissible during closing argument and a positive and absolute duty, as opposed to a discretionary duty, rests upon a trial judge to restrain and purge such arguments. (ci-

tations omitted). On the other hand it is equally recognized that the permissible field of argument is broad, and so long as counsel does not go beyond the evidence and issues drawn by the instructions, or urge prejudicial matters or a claim or defense which the evidence and issues drawn by the instructions do not justify, he is permitted wide latitude in his comments. (citation omitted).

*Heshion*, 600 S.W.2d at 534.

Here, the evidence supports counsel's argument. Plaintiff Vasseghi testified it was her intention to make a left turn onto East Miller. Plaintiff Vasseghi's tires were locked up and she was sliding as if she were trying to make a left turn at the intersection. The statement objected to was not a statement of law, but rather a comment on the evidence; but for speed, Plaintiff Vasseghi would have made the left turn without incident. Defense counsel's argument is well within the issues drawn by the instructions in that it directly relates to the excessive speed of Plaintiff Vasseghi. The trial court committed no error in overruling plaintiff's objection to counsel's argument. Point denied.

■ Lastly, Plaintiff Vasseghi's claims of error with regard to Exhibit F are examined. Review of the trial judge's ruling is limited to whether the alleged error materially affected the merits of the action. *Libby v. Hill*, 687 S.W.2d 264, 266 (Mo.App. 1985). Error in admitting evidence is not grounds for reversal if it does not prejudice the complaining party or adversely affect the jury in reaching its verdict. *Libby*, 687 S.W.2d at 266.

■ Plaintiff Vasseghi contends that the diagram did not accurately depict the accident scene, in that it showed skid marks on the street behind plaintiff's vehicle. Plaintiff Vasseghi was not prejudiced by this evidence. To be admissible as an aid to the jury in understanding the testimony, it is not necessary that a diagram of an accident scene be drawn to scale or absolutely accurate, only that such diagram not be so inaccurate as to confuse or mislead the jury. *Collins v. Leahy*, 102 S.W.2d 801 (Mo.App.1937). *Blum v. Wil-*

*kinson*, 509 S.W.2d 6, 8 (Mo.1974). The jury was repeatedly informed through the testimony of defendant that he did not know whether or not plaintiff's car made those skid marks. Exhibit F was an aid to the jury in understanding testimony and was not so inaccurate as to confuse or mislead the jury in light of the testimony supporting its admission. No prejudice resulted to Plaintiff Vasseghi by admission of this exhibit.

■ Further, Plaintiff Vasseghi argues that because Exhibit F, the diagram of the accident scene drawn by Defendant McNutt, and Defendant McNutt's notes regarding the diagram were not disclosed during pre-trial discovery, the evidence should have been excluded from trial and, therefore, a new trial is warranted. Exhibit F was admitted into evidence during the direct examination of Defendant McNutt. The alleged failure to disclose Exhibit F was not raised until cross-examination by Plaintiff Vasseghi. Plaintiff Vasseghi did not request any action at trial once Defendant McNutt's failure to disclose the exhibit was raised. At trial Plaintiff Vasseghi did not object or move to strike the testimony of Defendant McNutt nor did she object to the introduction of the exhibit on this basis. Plaintiff Vasseghi did not ask for a continuance to further investigate the facts of the case, or to investigate and prepare to attack Defendant McNutt's credibility as a witness, nor did she ask that the court grant a mistrial. Plaintiff Vasseghi asked for no relief. Therefore, Plaintiff Vasseghi has waived objection to Exhibit F and cannot now complain of trial error. *Silver v. Westlake*, 248 S.W.2d 628, 634 (Mo.1952). Point is denied.

The judgment is affirmed.

All concur.