Jane L. MILLER, Appellant,

v.

Charles GILLESPIE, d/b/a C.E.G.
Paving, Respondent.

No. 61928.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 27, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 25, 1993.

Charles Clifford Schwartz, Jr., Schwartz & Ochs, St. Louis, for appellant.

Robert L. Nussbaumer, Nussbaumer & Associates, St. Louis, for respondent.

SIMON, Judge.

Plaintiff, Jane L. Miller, appeals the judgment of the Circuit Court of Jefferson County entered on a jury verdict in favor of defendant, Charles Gillespie, d/b/a C.E.G. Paving, on her claim for personal injuries resulting from an automobile accident. On appeal, plaintiff claims the trial court erred in: (1) overruling her motion for directed verdict and motion for new trial because defendant's evidence of sudden brake failure was insufficient as a matter of law to submit to the jury; (2) not submitting an agency instruction that was not requested; and (3) failing to set aside the jury verdict because a finding for defendant was contrary to the physical facts and physical laws invoked by defendant's own testimony. We affirm.

On August 9, 1989, at the intersection of Highway 141 and Old Highway 30 in St. Louis County, plaintiff was stopped second in line at a stoplight in the right lane of northbound Highway 141. Defendant's dump truck, loaded with gravel and driven by his employee, Glenn Weisler, was travelling north on 141 down the hill approaching the same stoplight. Weisler applied his brakes, which slowed the truck somewhat, released them, and continued travelling down the hill. Applying the brakes a second time, Weisler heard a "pop", felt something pushing on the bottom of his foot, and the brake pedal went to the floor. He pumped the brake pedal two or three times expecting pressure but got none, and then downshifted to fourth gear in order to slow the truck. He applied the emergency brake but it did nothing to slow the truck. The truck impacted with a van, causing a chain reaction collision involving some eleven vehicles, including plaintiff's.

Plaintiff, while waiting at the stoplight, heard crunching metal and rocks hitting her car, and upon looking in her rear view mirror saw defendant's truck flipping toward her. She braced herself, and when the car behind her's hit her, her car in turn struck the car in front of her.

Subsequently, plaintiff filed a petition in the Circuit Court of Jefferson County for damages alleging the negligence of Glenn Weisler, as agent of defendant, for operating the vehicle at a high and excessive rate of speed and for failing to keep a proper lookout. In answer to plaintiff's petition, defendant admitted that on the date in question a motor vehicle operated by Glenn Weisler was involved in a multi-car collision on Highway 141 at or near its intersection with Old Highway 30, but generally denied each of plaintiff's other allegations. Defendant pleaded no affirmative defenses. At trial, plaintiff offered substantial evidence relating to the extent of the injuries and pain she experienced in her neck, shoulder and arm, as well as evidence relating to her medical bills and damage to her vehicle. There was also evidence that plaintiff had previously injured her neck, shoulder and arm in 1986, requiring surgery for a rib re-section, a ripped bicep tendon and a ruptured disc in her neck. At the close of the trial, the case was submitted to the jury on theories of negligence for failing to keep a careful lookout and driving at an excessive speed.

Plaintiff's first point is that the trial court erred in overruling her motion for directed verdict at the end of the case and overruling her motion for a new trial because defendant's evidence of sudden brake failure was insufficient as a matter of law to submit to the jury and there was insufficient affirmative proof as a matter of law for a jury to find in defendant's favor. The record does not reflect that plaintiff made a motion for directed verdict at the close of the evidence. We shall, however, review her point as it relates to the trial court's denial of her motion for new trial.

When a motion for new trial has been overruled, we review to determine if

there was substantial evidence to support the verdict. *Aluminum Products Enterprises, Inc. v. Fuhrmann Tooling and Manufacturing Co.*, 758 S.W.2d 119, 125 [18, 19] (Mo.App.1988). The evidence is viewed in the light most favorable to the jury's verdict. *Id.* A jury verdict will not be overturned unless there is a complete absence of probative facts to support it. *Steif v. Limpiphiphatn*, 814 S.W.2d 695, 697[1, 2] (Mo.App.1991). Such issues as the weight of the evidence, credibility of the witnesses and resolution of conflicts in the testimony are not matters for appellate review. *Id.*

Plaintiff contends that in order for defendant to rely on the defense of sudden brake failure, he must present sufficient evidence to enable a jury to find that the proximate cause of the accident was sudden brake failure and that the vehicle had been provided with two sets of adequate brakes and that those brakes were kept in good working order as required by § 307.-170.3. R.S.Mo.1986. (All statutory references shall be to R.S.Mo.1986 unless otherwise noted.) Plaintiff contends that since defendant did not introduce evidence that the vehicle was provided with two sets of adequate brakes in good working order, nor any evidence that would excuse the failure to have two sets of adequate brakes, his evidence was insufficient to establish the elements of the defense of sudden brake failure.

Violation of § 307.170.3 relating to brakes is negligence per se, subject to "factors of excuse," sometimes called "justifiable violation." *Rice v. Allen*, 309 S.W.2d 629, 631[1] (Mo.1958). Here, plaintiff did not plead or attempt to prove negligence on the part of defendant for violation of § 307.170.3, and defendant did not plead sudden brake failure as a defense. No instruction relating to defendant's negligence for violation of § 307.170.3, nor an instruction as to the defense of sudden brake failure, was submitted to the jury. Defendant simply denied plaintiff's allegation that the driver of his truck was negligent, and offered proof to refute that allegation. This proof consisted of the testimony of the driver/employee Weisler and defendant to the effect that the brakes on the truck suddenly failed.

Weisler, in addition to testifying as to how the accident occurred, testified that he checked the brake system before he took the truck out that morning by checking the master cylinder for seepage of brake fluid, and also by getting under the truck to make sure the brake lines and connections to the wheel hubs were not leaking fluid. Defendant testified that he himself inspected the truck on the morning of the accident and checked for any defects in the braking system. He was not allowed to give his opinion as to the cause of the brake failure, but was allowed to testify that at the accident scene he inspected the brakes and observed that a seal had erupted, there was a line leaking, and there was brake fluid on and around the rear passenger wheel.

Plaintiff contends that without evidence that the truck was equipped with two sets of adequate brakes, defendant's evidence of sudden brake failure was insufficient as a matter of law for the jury to find in his favor. In *Oldaker v. Peters*, 817 S.W.2d 245, 251[6] (Mo. banc 1991), our Supreme Court, recognizing that evidence of sudden brake failure is admissible to refute an allegation of negligence, stated:

In *Coffel v. Spradley*, 495 S.W.2d 735 (Mo.App.1973), the court discussed testimony concerning sudden brake failure, comparing it to proof of sole cause, sudden emergency and unavoidable accident, saying that '[e]ach of the proofs is for the purpose of showing the defendant is free of the negligence alleged, and although they are asserted by affirmative evidence, they are not matters constituting avoidance, and hence are not required to be affirmatively pleaded.' *Id.* at 740. The court found that the evidence was a denial of plaintiff's cause of action and proper under a general denial with the risk of non-persuasion on the issue of defendant's negligence still remaining with the plaintiff. *Id.*

Such defense remains viable and a defendant is allowed to introduce evidence

which tends to establish his freedom from negligence.

■ Here, under the *Oldaker* rationale, defendant, to refute plaintiff's allegation that he was negligent for failing to keep a careful lookout and driving at an excessive speed, is permitted to offer evidence designed to show that the brakes on the truck suddenly failed and that he was therefore not negligent in the respects plaintiff had alleged. The record thus shows that the evidence was not, as a matter of law, insufficient for the jury to find in defendant's favor. The trial court did not err in denying plaintiff's motion for new trial. Point denied.

■ Plaintiff's second point is that the trial court committed plain error in submitting the case to the jury without an instruction on agency because the verdict directing instruction submitted only the negligence of the driver/employee Glenn Weis-ler, and the verdict form was directed only to defendant, Charles Gillespie.

The record on appeal does not contain a transcript of the instruction conference or closing arguments. A copy of the instructions submitted to the jury contained in the legal file shows that the verdict directing instruction provided:

Your verdict must be for plaintiff if you believe:

First, either:

Glen (sic) Weisler failed to keep a careful lookout, or Glen Weisler drove at an excessive speed, and

Second, Glen (sic) Weisler, in any one or more of the respects submitted in paragraph First, was thereby negligent, and

Third, as a direct result of suich (sic) negligence, plaintiff sustained damage.

The verdict form provides in pertinent part:

On the claim of plaintiff Jane Miller for personal injuries against defendant Charlie Gillespie, we the undersigned jurors, find in favor of:

| | |
|---|---|
| Plaintiff Jane Miller or | Defendant Charlie Gillespie |

Note: Complete the following paragraph only if the above finding is in favor of Plaintiff Jane Miller

We, the undersigned jurors, assess the damages of plaintiff Jane Miller at $_____ (stating the amount).

\* \* \*

The verdict form, as completed by the jury, shows that the jury found in favor of defendant, and it was signed by eleven jurors.

■ The record shows that the verdict director submitted to the jury was offered by plaintiff. In civil cases the court is not required to instruct upon any proposition of law arising in a case unless requested, *Sullivan v. KSD/KSD–TV*, 661 S.W.2d 49, 51[3, 4] (Mo.App.1983), and a party may not complain of error in instructions it requested, or the failure of the court to give an instruction not requested. *Id.* Moreover, plaintiff's point is not preserved for review because the instruction she claims should have been given is not set forth in her brief as required by Rule 84.04(e). *See, Tits-*worth *v. Powell*, 776 S.W.2d 416, 423[15] (Mo.App.1989).

■ In any event, the record reflects that the issue of agency was not in dispute. "Generally, the relationship of principal-agent or employer-employee is a question of fact to be determined by the jury when, from evidence adduced on the question, there may be a fair difference of opinion as to the existence of the relationship." *Johnson v. Bi–State Development Agency*, 793 S.W.2d 864, 867[7, 8] (Mo. banc 1990). Only issues of fact which are genuinely in dispute need to be submitted to the jury. *Johnson v. Pacific Intermountain Express Co.*, 662 S.W.2d 237, 245[12–15] (Mo. banc 1983), *cert. denied*, 466 U.S. 973, 104 S.Ct. 2349, 80 L.Ed.2d 822 (1984). Here,

agency was denied by defendant's general denial in his answer. However, since his evidence affirmatively showed that Weisler was his agent acting within the scope of his employment at the time in question, that issue was properly omitted from plaintiff's verdict director. *See, Hulahan v. Sheehan,* 522 S.W.2d 134, 143[9, 10] (Mo.App. 1975). Thus, the trial court did not commit plain error in not submitting an agency instruction. Point denied.

 Plaintiff's third and final point is that the trial court erred in failing to set aside the verdict and grant her a new trial pursuant to her motion for new trial because the jury's finding for defendant was contrary to the physical facts and physical laws invoked by defendant's evidence.

When a motion for new trial has been overruled, we review to determine if there was substantial evidence to support the verdict. *Aluminum Products Enterprises, Inc. v. Fuhrmann Tooling and Manufacturing Co.,* 758 S.W.2d at 125[18, 19]. The evidence is viewed in the light most favorable to the jury's verdict. *Id.*

In support of her position, plaintiff points to the testimony of Glenn Weisler wherein he estimates that at the time the brakes failed he was travelling at approximately fifty miles per hour, there was a distance of one hundred to one hundred fifty feet between the truck he was driving and the van with which he collided, and that under normal circumstances, going approximately fifty miles per hour, it would take close to two hundred feet to stop the truck. Thus, plaintiff concludes, by the driver's own evidence, he simply had not allowed enough space or time to stop under any circumstance.

However, in addition to the testimony to which plaintiff directs us, Weisler also testified that when he attempted to apply his brakes the final time, the van with which he collided was still moving, and that under the circumstances that existed at the time of the accident, in an attempt to stop the truck as quickly as possible, he could have done so in approximately one hundred forty to one hundred fifty feet. He also testified that at the distance he was from the van,

at the speed he was going, he felt comfortable that he would be able to stop the truck and not run into the back end of the van. Thus, the record contains sufficient evidence to support the jury's verdict. The trial court did not err in overruling plaintiff's motion for new trial. Point denied.

Judgment affirmed.

CARL R. GAERTNER, P.J., and CRANE, J., concur.