**Howard L. DEARING and Marjorie M. Dearing, Appellants,**

v.

**CITY OF MARCELINE, Respondent.**

No. WD 51755.

Missouri Court of Appeals, Western District.

Aug. 27, 1996.

Douglas S. Roberts, Chillicothe, for appellants.

Scott Othic, Marceline, Joseph W. Elliott, St. Joseph, for respondent.

Before ULRICH, C.J., and BRECKENRIDGE and SPINDEN, JJ.

ULRICH, Chief Judge.

Howard Dearing and Marjorie Dearing appeal the judgment of the trial court entered on a jury verdict in favor of the City of Marceline, Missouri, and the order overruling the Dearings' motion for a new trial on their claims for personal injuries arising out of an automobile accident. They assert that the trial court erred in (1) overruling their motion for a new trial and (2) submitting Instructions No. 9 and 12 and Verdict Form A on the issue of comparative fault. The judgment of the trial court is affirmed.

On September 2, 1993, Chester Harrington, an employee of the City of Marceline, was driving a dump truck owned by the City west on Santa Fe Street in Marceline. At the same time, Howard Dearing was traveling north on Kansas Avenue. Both were approaching the intersection of the two streets. Travel through the intersection on Kansas Avenue was not regulated by any traffic control device. Traffic approaching the intersection on Santa Fe was controlled by a stop sign.

Approximately 75 to 100 feet from the intersection, the left rear brake line on the dump truck ruptured without warning, and the brakes failed. Mr. Harrington attempted to pull the emergency brake, but he was unable to stop the dump truck before it went through the stop sign and collided with the automobile driven by Mr. Dearing.

Subsequently, the Dearings filed a petition for damages against the City of Marceline and Mr. Harrington alleging that Mr. Harrington's negligence, acting as an agent of the City of Marceline, caused the accident and injury to them. Specifically, the Dearings allege that Mr. Harrington failed to yield the right-of-way; failed to stop at an intersection controlled by a stop sign; operated a dump truck with defective brakes; operated the truck without properly and adequately maintaining and inspecting the braking system; operated the truck at an excessive rate of speed; failed to keep a careful lookout; failed to operate the truck in a careful and prudent manner; and failed to stop, swerve, reduce speed or sound a warning to avoid the collision. In their answer, the City of Marceline and Mr. Harrington admitted that a collision occurred on September 2, 1993, involving a vehicle driven by Mr. Dearing and a dump truck operated by Mr. Harrington but denied all other allegations. Following trial, the jury returned a verdict assessing no fault to the City of Marceline, Mr. Harrington or Mr. Dearing. This appeal followed.

## I. Motion for New Trial

■ As their first point on appeal, the Dearings claim that the trial court erred in overruling their motion for a new trial. They argue that the jury's verdict was against the weight of the evidence.

■ When a motion for a new trial has been overruled, an appellate court reviews to determine whether there was sufficient evidence to support the verdict. *Miller v. Gillespie*, 853 S.W.2d 342, 343–44 (Mo.App. 1993). The evidence is viewed in the light most favorable to the verdict. *Id.* at 344. A jury verdict will not be overturned unless there is a complete absence of probative facts to support it. *Id.*

■ Missouri courts recognize that evidence of sudden brake failure may refute allegations of negligence regarding an automobile accident. *Oldaker v. Peters*, 817 S.W.2d 245, 251 (Mo. banc 1991); *Miller*, 853 S.W.2d at 344–45. In *Miller v. Gillespie*, 853 S.W.2d 342 (Mo.App.1993), the brakes on the defendant's dump truck failed suddenly while the truck was traveling down a hill towards an intersection. *Id.* at 343. The driver applied the emergency brake, but the truck collided with a van causing a chain reaction collision involving eleven vehicles, including the plaintiff's. *Id.*

The plaintiff in *Miller* filed a petition alleging that the driver was negligent for operat-

ing the truck at a high and excessive rate of speed and for failing to keep a proper lookout. *Id.* At trial, the driver of the truck testified that he inspected the brakes at the accident scene and observed that a seal had erupted, a line was leaking, and brake fluid was on and around the rear passenger wheel. *Id.* at 344. The jury returned a verdict for the defendant. *Id.* at 343.

On appeal, the plaintiff claimed that the defendant's evidence of sudden brake failure was insufficient as a matter of law to submit to the jury. *Id.* The Eastern District held that evidence of sudden failure of the truck's brakes was admissible to refute plaintiff's allegation that defendant was negligent for failing to keep a careful lookout and driving at an excessive speed. *Id.* at 345.

In this case, evidence adduced at trial revealed that Mr. Harrington had driven the same dump truck a day or two before the accident and experienced no problems in the truck's operation. Additionally, no indication that the brakes on the truck were failing occurred prior to the sudden failure at the time of the accident. Despite the City's regular maintenance of the truck, the brakes suddenly failed as the truck approached the intersection of Kansas Avenue and Santa Fe Street. Mr. Harrington stepped on the brake pedal two or three times trying to stop the vehicle and then attempted to apply the emergency brake on the truck to no avail. The truck collided with Mr. Dearing's automobile in the intersection. An accident investigator at the scene disclosed a large amount of brake fluid on the street 75 feet from the point of impact. The evidence, therefore, was sufficient to support the jury's verdict in favor of the City of Marceline. The trial court did not err in overruling the Dearing's motion for a new trial. Point one is denied.

## II. Instructions

In points two and three, the Dearings claim that the trial court erred in submitting Instruction Nos. 9 and 12 and Verdict Form A on the issue of the comparative fault of Mr. Dearing. They argue that the comparative fault instructions were not supported by the evidence.

The issue of whether the comparative fault instructions were supported by the evidence, however, need not be addressed. First, the Dearings failed to allege error in the submission of Instruction No. 9 in their motion for a new trial. Contentions not raised in the motion for a new trial are not preserved for appellate review. *Brown v. Van Noy,* 879 S.W.2d 667, 671 (Mo.App. 1994). Secondly, "[u]nder Missouri's comparative negligence doctrine, error in giving a comparative fault instruction is harmless when the jury apportions no percentage of fault to the defendant." *Long v. Twehous Contractors, Inc.,* 904 S.W.2d 285, 288 (Mo. App.1995) (quoting *Vasseghi v. McNutt,* 811 S.W.2d 453, 455 (Mo.App.1991)). In this case, the jury apportioned no percentage of fault to the City of Marceline or Mr. Harrington. Points two and three are, therefore, denied.

The judgment of the trial court is affirmed.

All concur.