**STATE of Missouri, Respondent,**

v.

**Ernest L. HALL, Appellant.**

**No. WD 41199.**

Missouri Court of Appeals,
Western District.

Sept. 19, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 31, 1989.

Mary F. Clark, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Ronald L. Jurgeson, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, C.J., and FENNER and ULRICH, JJ.

FENNER, Judge.

Appellant, Ernest L. Hall, appeals his conviction for stealing. Appellant was convicted after trial by jury in the Circuit Court of Jackson County of the class C felony of stealing in violation of § 570.030, RSMo 1986.

The sufficiency of the evidence is not in question in this appeal. It suffices to say that appellant was found guilty of having stolen a front-end lift car jack with a value of at least $150.00.

In his first point on appeal appellant argues that the trial court erred in admitting the investigating detective's testimony in regard to statements made by the defendant after he was taken into police custody. Detective Luther was the investigating detective. Appellant alleges that his statements were made involuntarily due to what appellant claims was an improper inducement by Detective Luther. Appellant claims that he was improperly induced by Detective Luther telling him that he would talk to appellant's probation officer about possible placement in a drug treatment program.

Prior to trial, appellant filed a motion to suppress the statements he made to Detective Luther and a hearing was held on the motion. The motion was overruled with the court stating as follows in its order:

The Court finds that [appellant] was advised of his rights under the *Miranda* decision, that he understood those rights, [that] he volunarily [sic] and freely executed a waiver of those rights, [that] he talked to the officer freely and voluntar-

ily, and [that] no promises were made to him to obtain any statements at all. Therefore, the motion to suppress in each of these cases ... are [sic] overruled.

Subsequent to the court's ruling on appellant's motion to suppress, trial was held. At trial appellant made no objection to the testimony of Detective Luther that he had previously attempted to suppress and of which he complains in this appeal.

█ When a motion to suppress evidence is denied and the evidence is subsequently offered at trial, the defendant must then object to the admission of the evidence with a proper statement of the reasons for the objection, present the matter in his motion for new trial, and brief the issue on appeal in order to preserve it for appellate review. *State v. Rayford*, 611 S.W.2d 377, 378 (Mo. App.1981); *State v. Pennington*, 618 S.W.2d 614, 619 (Mo.1981); vacated on other grounds, *Missouri v. Pennington*, 459 U.S. 1192, 103 S.Ct. 1171, 75 L.Ed.2d 423 (1983). Although appellant has failed to preserve his objection to the statements he made to Detective Luther, the question will be reviewed for plain error.

A review of a trial court's determination on the grounds of plain error requires that the appellant demonstrate error amounting to manifest injustice affecting his substantial rights. *State v. Tate*, 733 S.W.2d 45, 46 (Mo.App.1987); *State v. Berry*, 609 S.W.2d 948, 953 (Mo. banc 1980).

In the case at bar Detective Luther testified, both at the motion to suppress hearing and at trial, that he had not promised anything to appellant in exchange for his statements. Detective Luther also specifically testified that he had not promised that he would speak with appellant's parole officer in an attempt to have the officer be lenient with appellant.

At the conclusion of the motion to suppress hearing, the same judge who subsequently presided over appellant's trial found that there was direct conflict between the testimony of Detective Luther and appellant on the voluntariness of appellant's statements. The judge stated that he found the testimony of Detective Luther

to be credible and that he did not believe appellant's claim that his statements were improperly induced.

The admissibility of a statement or confession is within the trial court's discretion, and the only question for an appellate court is whether there is sufficient evidence to support the trial court's findings. *State v. Stokes*, 710 S.W.2d 424, 428–29 (Mo.App. 1986).

■ The record in this case reflects that there was no abuse of discretion, and certainly no manifest injustice by appellant's statements being received in evidence.

In his second point appellant alleges that the trial court erred by failing to submit to the jury his proposed instruction patterned after MAI–CR3d 310.06. However, before any party is entitled to an instruction, there must be evidence to support its submission, and absent that evidentiary basis, it is not error to refuse the submission of an instruction. *State v. Mayhue*, 653 S.W.2d 227, 239 (Mo.App.1983).

■ In the case at bar appellant did not present any evidence to support the submission of MAI–CR3d 310.06. The state presented evidence at trial that appellant made his statements to Detective Luther voluntarily and freely. Evidence was also presented that appellant had been fully advised of his rights and that appellant did not appear to be under the influence of any mind-altering drug. Appellant did not object to the admission of any of this evidence and did not present any evidence to refute the state's evidence relating to the voluntariness of appellant's statements. The evidence did not warrant submission of MAI–CR3d 310.06 as requested by appellant.

The judgment of the trial court is affirmed.

All concur.