Penny L. BROWN, Plaintiff/Respondent,
Cross–Appellant,

v.

HAMILTON INSURANCE COMPANY,
Defendant/Appellant, Cross–
Respondent.

Nos. 71442, 71505.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 25, 1997.

Hartstein & Sherman, Richard Sherman, St. Louis, for appellant.

Robert H. Pedroli, St. Louis, for respondent.

KAROHL, Judge.

Defendant, Hamilton Insurance Company, (Hamilton) appeals after judgment was entered on a jury verdict in favor of plaintiff, Penny Brown. Brown claimed personal injuries from a two-car collision, and the other vehicle was uninsured. The other vehicle may have been operated by Edward Taylor. Taylor could not be located and was never a party. The contested fact in issue was whether the other vehicle was uninsured. Hamilton insured the car Brown was driving. Hamilton argues the trial court erred as follows: (1) admission of Brown's Exhibit No.3, a guilty plea by Edward Taylor in a municipal court to a charge of driving with no proof of insurance, because it contained inadmissible hearsay statements by a nonparty; (2) denial of Hamilton's motion for directed verdict and motion for judgment notwithstanding the verdict because Brown failed to present substantial evidence to support a finding the other vehicle was uninsured; and, (3) submission of Brown's verdict directing instruction because it was not supported by substantial evidence that the other vehicle was uninsured or that Edward Taylor was the operator of the other vehicle. Brown cross-appealed and argues the trial court erred when it, in effect, ruled Brown's claim for vexatious refusal damages was unsupportable. The ruling was made before the trial began on the basis of undisputed facts..

This litigation involves injuries Brown sustained when the car she was driving was struck in the rear by another car. Before trial, the court granted Hamilton's motion for protective order. It prevented Brown from deposing and receiving testimony of Hamilton's insurance agent about information acquired, on or after the date of the collision. The propriety of the limitation on discovery is not an issue on appeal.

Brown and her mother testified. On June 28, 1994, a Pontiac 6000 rear-ended the car Brown was driving. The driver of the Pontiac approached Brown and asked her if she was hurt. He did not identify himself and did not show proof of insurance upon

Brown's demand. The driver and Brown did not exchange any written information. Brown and the other driver drove their cars to a gas station and called the police. Brown's mother testified she arrived at the gas station after receiving a phone call from Brown. Brown's mother described the driver of the Pontiac as "a tall, black, thin man." The police officer who came to the scene and made a report was not called as a witness. Brown was unable to locate the driver of the other vehicle.

Over Hamilton's objection the court admitted Brown's Exhibit No. 3, a copy of a municipal court record of the City of Pine Lawn. It contained entries to support findings that on August 4, 1994, Edward Taylor pleaded guilty to the charge of no proof of vehicle insurance and paid, or arranged to pay, a fine.

At the close of plaintiff's case and of all the evidence, Hamilton orally moved for a directed verdict. It contended Exhibit No. 3 was inadmissible hearsay of a non-party. It disputed that ownership of the Pontiac or whether it was an uninsured vehicle was ever proven. In the alternative, it contended the exhibit would not support a finding the charge of failure to have proof of insurance involved the Brown collision. The exhibit contains no reference to June 28, 1994; to a collision; to Brown; to the ownership of the vehicle; or, the status of insurance on the vehicle. It concluded there was no evidence to support a finding Edward Taylor was the operator of an uninsured vehicle involved in a collision with Brown, and even if he was involved, there is no evidence to support a finding the vehicle was uninsured. The trial court denied Hamilton's motion.

■ Brown continues to argue Exhibit No. 3 would support inferences Edward Taylor was the driver of an uninsured vehicle because he pleaded guilty to a no proof of insurance charge at or near the time of the collision which caused her injuries. She argues her testimony, her mother's testimony, and the exhibit were sufficient.

Hamilton also objected to Jury Instruction No. 6, the verdict director, on the same grounds alleged to support its motion for directed verdict. The legal issues on Hamil-

ton's motion for directed verdict, objection to Brown's verdict director, and motion for judgment notwithstanding the verdict are the same. All question submissibility of plaintiff's cause of action. We find no submissible case.

■ A directed verdict is proper only when reasonable minds could not differ as to the proper verdict. *Hellmann v. Droege's Super Market, Inc.*, 943 S.W.2d 655, 657 (Mo.App. E.D.1997). The standard of review of a trial court's denial of a motion for judgment notwithstanding the verdict is whether the plaintiff made a submissible case. *Gillespie v. St. Joseph Light & Power Co.*, 937 S.W.2d 373, 374 (Mo.App.W.D.1996). To make a submissible case a plaintiff must present substantial evidence to support each element of her claim and we must view the evidence in the light most favorable to the party who obtained the verdict. *Spring v. Kansas City Area Transp. Auth.*, 873 S.W.2d 224, 225 (Mo. banc 1994).

Brown appears to rely on unavailable inferences that Edward Taylor was the operator of the other vehicle and it was an uninsured motor vehicle because Taylor failed to offer proof of insurance. The evidence viewed in the light most favorable to Brown would support finding: (1) she was rear-ended by the driver of a Pontiac 6000; (2) the driver did not identify himself; (3) the driver did not show Brown proof of insurance; (4) the driver was a tall, black, thin man; and, (5) Edward Taylor plead guilty to a municipal charge of no proof of insurance at some unidentified place and unidentified time.

The evidence would not permit a reasonable juror to infer Edward Taylor was the owner or operator of the Pontiac 6000 that struck Brown or that the vehicle was uninsured. The inability to locate Edward Taylor, the absence of testimony from the police officer, or, the restrictions on Brown's discovery rights in relation to her own insurance company, may explain the absence of the required evidence. However, for whatever reason, the evidence was insufficient to make a submissible case. Brown neither presented evidence that the Pontiac was, in fact,

uninsured nor evidence connecting Edward Taylor to the collision. Edward Taylor's guilty plea, in Exhibit No. 3, has no bearing on whether or not an uninsured motor vehicle struck Brown and nothing contained in Exhibit No. 3, if admissible, would support findings required to support a verdict against Hamilton. There was no evidence to support a finding that the Pontiac involved in the collision was uninsured. There was also no evidence to support findings of the identity of the owner or operator of the Pontiac that struck Brown.

Thus, the trial court erred in denying Hamilton's motion for directed verdict. For that reason we need not address trial court error in submitting the cause to the jury and denying Hamilton's motion for judgment notwithstanding the verdict. We find no error in dismissing Brown's cause of action for vexatious delay. The failure to make a submissible case on the underlying claim renders that claim moot.

The judgment is reversed and cause remanded for a judgment in favor of defendant. Dismissal of Brown's vexatious refusal claim is affirmed.

AHRENS, P.J. and CRANDALL, J., concur.