**Curtis LUSH and Leone Lush, Appellants,**

v.

**Bruce WOODS, et al., Respondents.**

No. WD 54953.

Missouri Court of Appeals, Western District.

Nov. 3, 1998.

Steven A. Fritz, Sedalia, for Appellants.

James T. Buckley, Sedalia, for Respondent Woods.

Theresa Shean Hall, Kansas City, for Respondent Yoder.

Before SMART, P.J., and ELLIS and HOWARD, JJ.

HOWARD, Judge.

Appellants Curtis and Leone Lush appeal from a judgment in favor of Respondents Bruce Woods and Dean L. Yoder on Appellants' claims of statutory trespass, § 537.340 RSMo 1994.[1] Appellants raise two points on appeal. First, they claim that the trial court erred in submitting to the jury the verdict director used in the case because the instruction did not allow the jury to consider whether Respondents had exceeded the scope of any consent the jury might find Appellants gave to Respondents to cut or destroy trees located on Appellants' property. Second, they claim that the trial court erred in refusing to admit the testimony of Appellants' expert giving his opinion of the fair market value of Appellants' trees prior to their de-struction by Respondents and while still placed and growing, which they contend is an allowable measure of damages in a statutory trespass action under § 537.340.

We affirm.

### Facts

Curtis and Leone Lush purchased forty acres of rural property in Benton County on November 26, 1994. Their property consisted of two houses and a seven-acre lake, with the majority of the land undeveloped in its natural setting. Prior to the Lushes' purchase, the parcel of land was owned by Curtis Lush's sister. Prior to purchasing the property, the Lushes would occasionally stay on the property in exchange for doing certain upkeep duties.

To the north and east of the property was property owned by Bruce Woods. Woods has owned his property since June 1994.

In June or July 1994, before Appellants purchased the property from Curtis Lush's sister, Woods approached Curtis Lush about building a new fence on the north and east boundary of the properties. Curtis Lush testified that when Woods inquired about erecting the fence, his response was that his sister was not interested in putting more money into a fence and that she did not need a fence. Lush further testified that he did not give anybody permission to tear down a fence line from the time he purchased the property to the time the trees were destroyed. Woods testified that in response to his inquiry about erecting a fence, Lush indicated that Woods could put up a fence so long as it did not cost Lush anything. Woods further testified that he mentioned to Lush during this conversation that there would be a need to use a bulldozer in erecting the fence. Both parties agree that the conversation occurred before Appellants

---

1. Section 537.340 provides as follows:

   If any person shall cut down, injure or destroy or carry away any tree placed or growing for use, shade or ornament, or any timber, rails or wood standing, being or growing on the land of any other person, or shall dig up, quarry or carry away any stones, ore or mineral, gravel, clay or mold, or any ice or other substance or material being a part of the realty, or any roots, fruits or plants, or cut down or carry away grass, grain, corn, flax or hemp in which he has no interest or right, standing, lying or being on land not his own, or shall knowingly break the glass or any part of it in any building not his own, the person so offending shall pay to the party injured treble the value of the things so injured, broken, destroyed or carried away, with costs.

owned the property. No conversation between Appellants and Respondents took place between June or July 1994 and the time the fence was erected.

Woods hired Dean Yoder to clear the fence line. The fence line between the parties' property was cleared between December 12–14, 1994. In the process of erecting the new fence with the use of a bulldozer, a heavily wooded area along the fence line on the Lushes' property was destroyed. Five hundred seventy-eight trees measuring from two inches in diameter to twenty-four inches in diameter were destroyed or damaged. The majority of the trees were oak and hickory measuring two to six inches in diameter.

On July 14, 1995, Appellants filed their action for trespass and requested damages under § 537.340. On March 4 and 5, 1997, the matter was tried to a jury. Appellants dismissed Krysti Woods as a defendant without prejudice at the start of trial.

At trial, both Appellants testified as to the fair market value of the trees that were destroyed by Yoder and the fair market value of their land before and after the trees were destroyed. Leone Lush also testified as to the cost to clean up the destroyed trees. Appellants offered expert testimony of Keith Kissee, the owner of an area full-service tree and lawn care business. Kissee gave his opinion as to the value of the destroyed trees using a formula approved by the International Society of Arboriculture. However, Kissee's testimony was rejected by the court because the court ruled the measure of damages for which Appellants could recover was the value of the trees in their severed state after cut and on the ground.

At the close of the evidence, instructions were presented and the court rejected Appellants' offered Instruction A, a verdict director, which would have allowed the jury to find for Appellants if it found that Respondents entered onto their land without consent or entered onto their land with consent but exceeded that consent. The court accepted, after objection by Appellants, Respondents' Instruction Number 7, which allowed the jury to find for Respondents if the jury found that Respondents had consent to bulldoze the fence line. The court also rejected Appel-

lants' damage instruction on the value of the trees as "placed and growing" and accepted the damage instruction of the fair market value of the land before and after the destruction of the trees.

The jury found in favor of Respondents and the issue of damages was never reached. This appeal followed.

## Point I

The first point on appeal is that the trial court erred in submitting to the jury the verdict director used in the case. Appellants contend that the instruction did not correctly characterize the substantive law of statutory trespass because it did not allow the jury to consider whether Respondents had exceeded the scope of any consent the jury might find Appellants gave to Respondents to cut or destroy trees located on Appellants' property.

In determining the propriety of an instruction, we view the evidence in the light most favorable to the submission of the instruction, and a party is entitled to an instruction upon any theory supported by the evidence. *Vandergriff v. Missouri Pac. R.R.*, 769 S.W.2d 99, 104 (Mo. banc 1989). Substantial evidence must be presented entitling a litigant to an instruction. *Fitch v. J.A. Tobin Constr. Co., Inc.*, 829 S.W.2d 497, 505 (Mo.App. W.D.1992). Speculative deductions and conclusions are insufficient to support submission of an instruction. *Id.*

Appellants make three arguments under this point, and we will address each argument separately.

### 1. Instruction Number 6

Appellants contend that the trial court erred in submitting Instruction Number 6 to the jury. Instruction Number 6 reads as follows:

Your verdict must be for Plaintiffs and against Defendant Woods and Defendant Yoder if you believe: First, Defendant Yoder entered onto the land of plaintiffs and without plaintiffs' permission injured, broke or destroyed trees, and Second, Plaintiffs thereby sustained damages, un-

less you believe Plaintiff is not entitled to recover by reason of Insturction [sic] Number 7.

■ There is disagreement as to whether Instruction Number 6 was offered by Appellants or Respondents. If it was submitted by Appellants, they may not complain on appeal about an instruction which they offered. *Anglim v. Missouri Pac. R.R. Co.*, 832 S.W.2d 298, 308 (Mo. banc 1992).

■ If the instruction was submitted by Respondents, Appellants had a duty to object to the instruction before it was submitted to the jury. No party may assign as error the giving or failure to give instructions or verdict forms unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection. Rule 70.03; *Norris v. Barnes*, 957 S.W.2d 524, 527 (Mo. App. W.D.1997). Because Appellants did not object to this instruction before it was submitted to the jury, they may not object to it on appeal.

■ However, even giving Appellants the benefit of the doubt in light of the confusion surrounding Instruction Number 6, we disagree with Appellants' claim that Instruction Number 6, by itself, would not allow the jury to find for Appellants if it found that Appellants gave consent to Respondents to enter onto the land, but Respondents exceeded that consent. The plain language of the instruction states that the jury must find that Yoder injured, broke or destroyed trees without Appellants' permission. This clearly encompasses the situation where Appellants gave consent for Yoder to enter onto their land and he then cut down trees without their consent.

## 2. Instruction Number 7

Appellants' second argument is that the trial court erred in submitting Instruction Number 7 to the jury. This instruction, rather than Instruction Number 6, is the actual basis of Appellants' claim of error. Instruction Number 7 reads as follows:

Your verdict must be for defendants if you believe that plaintiff by words or conduct permitted or authorized any defendant to bulldoze an old fence-line between plaintiffs' and defendant Wood's property.

As Appellants argue, this instruction requires the jury to find for Respondents even if Appellants gave consent to enter onto their property, but Yoder exceeded that consent.

■ Appellants correctly assert that a trespass can occur by either entering onto land wrongfully and destroying trees or entering onto land with the landowner's consent and then exceeding the scope of that consent by destroying trees without permission. *Anderson v. Howald*, 897 S.W.2d 176, 180 (Mo.App. S.D.1995); *Segraves v. Consolidated Elec. Coop.*, 891 S.W.2d 168, 170 (Mo.App. E.D.1995); *McNamee v. Garner*, 624 S.W.2d 867, 868 (Mo.App. E.D.1981). However, Appellants presented no evidence at trial by which the jury could find that Respondents had consent to enter onto the land, but then exceeded the scope of that consent. The only theory Appellants presented at trial was that they had not given Respondents consent to enter onto their land and bulldoze the fence line. Therefore, Respondents were entitled to an instruction excluding the possibility of exceeded consent as a basis for the jury finding for Appellants.

## 3. Instruction A

■ Appellants' final argument is that the trial court erred in failing to submit Instruction A to the jury. Instruction A reads as follows:

Your verdict must be for Plaintiffs and against Defendant Woods and Defendant Yoder if you believe: First, either: Defendant Yoder wrongfully entered onto the land of plaintiffs and injured, broke or destroyed trees; or Defendant Yoder entered onto the land of plaintiffs with the consent of plaintiffs and then exceeded that consent by injuring, breaking, or destroying trees without permission; and Second, Plaintiffs thereby sustained damages, unless you believe Plaintiff is not entitled to recover by reason of Insturction [sic] Number.

Appellants discuss Instruction A in their argument, but they did not include it in their

point relied on.[2] Issues not encompassed by the point relied on and raised only in the argument portion of the brief are not preserved for review. *Kerr Const. Paving Co. v. Khazin,* 961 S.W.2d 75, 82 n. 6 (Mo.App. W.D.1997) (quoting *Smith v. Tang,* 926 S.W.2d 716, 719 (Mo.App. E.D.1996)); *accord State v. Tooley,* 875 S.W.2d 110, 115 (Mo. banc.1994). However, because Appellants' contention can be easily understood from the argument portion of their brief, this court, in its discretion, will review Appellants' argument for plain error. *Great Southern Sav. & Loan Ass'n v. Wilburn,* 887 S.W.2d 581, 583 (Mo. banc 1994); *see also Hoover v. Hoover,* 892 S.W.2d 818, 819 (Mo.App. W.D.1995).

As we stated under our discussion of Instruction Number 7, Appellants did not present any evidence that consent was given but exceeded. Therefore, if the trial court had given the jury Instruction A, the jury would have been left to speculate, with no evidence in the record, whether or to what extent the consent was exceeded. In addition, to provide an instruction that would allow the jury to find that consent had been given but exceeded in this case would be unfair to Respondents, who did not have the opportunity to respond to this theory at trial. We find no plain error in the trial court's refusal to submit Instruction A. Point denied.

#### Point II

The second point on appeal is that the trial court erred in refusing to admit the testimony of Appellants' expert giving his opinion of the fair market value of Appellants' trees prior to their destruction by Respondents and while still placed and growing. Appellants claim that the trial court incorrectly interpreted and applied the law as to the measure of damages in a statutory trespass action. They contend that the fair market value of their trees prior to their destruction and while they were placed and growing on their land is an allowable measure of damages in a statutory trespass action under § 537.340, and they were not restricted to offering evidence valuing the trees after they had been severed from the real estate by Respondents' actions.

■ When a jury finds against the plaintiff on the issue of the defendant's liability, rulings on matters relating only to the amount of damages to which the plaintiff might be entitled to receive, if the defendant was liable, cannot be considered so prejudicial as to constitute reversible error. *Miller v. Riss & Co.,* 259 S.W.2d 366, 372 (Mo.1953); *see also Turner v. Norfolk & Western Ry. Co.,* 785 S.W.2d 569, 573 (Mo.App. W.D.1990).

■ In this case, the jury found that Respondents were not liable to Appellants. Therefore, the jury never reached the issue of damages, and any error the trial court may have made that related solely to damages did not constitute reversible error. Point denied.

The judgment of the trial court is affirmed.

All concur.

**2.** In their reply brief, Appellants amended their point relied on to include their claim regarding Instruction A. Appellants also submitted a motion to amend their brief to modify Point Relied On I to include as error the trial court's refusal *to submit Instruction A to the jury.* This motion was denied. Both Respondents submitted motions to strike Appellants' reply brief because their point relied on was modified to include Appellants' claim of error concerning Instruction A. Respondents' motions are taken with the case. Respondents' motions are hereby sustained, and Appellants' reply brief is stricken.