Teresa MESSINA, Respondent,

v.

Billie Ann PRATHER, Appellant.

No. WD 57917.

Missouri Court of Appeals,
Western District.

Feb. 6, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 27, 2001.

Application to Transfer Denied
May 29, 2001.

David Roy Buchanan, Michael A. Childs, Dennis J. Cassidy, Kansas City, for appellant.

Sandra Carol Midkiff, Kansas City, for respondent.

Before LOWENSTEIN, P.J., ULRICH, J. and HOWARD, J.

ULRICH, Judge.

Billie Ann Prather appeals from the judgment of the trial court, following a jury trial, in favor of Teresa Messina on her claim for damages for injuries sustained in an automobile accident. Ms. Prather asserts that the trial court erred in (1) refusing to submit jury instruction A, tendered by Ms. Prather as an affirmative defense instruction; (2) admitting the testimony of Ms. Messina's accident reconstructionist expert; (3) refusing to remit the damages awarded to Ms. Messina; (4) denying Ms. Prather's motion for a new trial; (5) admitting the testimony of Ms. Messina's niece regarding lost wages; and (6) denying Ms. Prather's motions for a directed verdict and judgment notwithstanding the verdict. The judgment of the trial court is affirmed.

### I. Facts

The pedestrian/vehicle accident occurred on May 3, 1995, at the intersection of Independence Avenue, which runs east and west with two lanes of traffic traveling in each direction, and Charlotte Street, which runs north and south. Teresa Messina, a 59–year–old factory worker, was enroute to her job at Bell Art, which is located in the Kansas City East Bottoms, when she was struck by a vehicle driven by Billie Ann Prather. Ms. Messina had taken a bus from her home to a bus stop near her employment. From the bus stop, Ms. Messina walked toward her place of work. She walked north on Charlotte Street, and when she reached Independence Avenue she looked to the traffic light for guidance since no pedestrian control signals existed. Seeing that the light was green for her direction of travel, she then started across Independence Avenue in the pedestrian crosswalk on the east side of Independence Avenue. While crossing Independence Avenue she saw the traffic control light change to yellow, and she stopped in the middle of the avenue to allow two vehicles traveling westbound in the lane closest to the centerline to pass through the intersection. After

the cars passed, Ms. Messina continued across the street. When she reached the last lane, she saw a car driving westbound in the same lane she was attempting to cross. She was struck by the vehicle while hurrying to get to the curb on the north side of the avenue. Billie Ann Prather was driving the vehicle when it struck Ms. Messina a few feet from the curb.

When struck, Ms. Messina was flipped up onto the hood of the car by the impact and her shoulder struck the windshield. She then rolled off the car and onto the street. As a result of the accident, Ms. Messina suffered various bruises and contusions about her body. Her most significant injury resulting from the accident was to her right shoulder. She was also diagnosed as having tendinitis in her right rotator cuff as well as traumatic myofascitis (tenderness of the muscles about the shoulder). After the accident, Ms. Messina was unable to continue her employment with Bell Art. She offered evidence that as a result of the accident she is also no longer able to enjoy and engage in many of her life activities and hobbies such as housework, ironing, yardwork, cleaning, sewing, crocheting, knitting, cooking, and gardening.

Ms. Messina filed a petition for damages against Ms. Prather alleging negligence in several respects. Ms. Prather countered by claiming that Ms. Messina was contributorily negligent. The case was tried to a jury in September 1999. The jury returned a verdict finding Ms. Prather 100 percent at fault and awarded Ms. Messina damages in the amount of $230,431.00. This appeal followed.

### Trial Court's Refusal to Submit Jury Instruction A

In her first point on appeal, Ms. Prather contends that the trial court erred in refusing to submit jury instruction A, tendered by her as an affirmitive defense instruction. Instruction A provided:

In your verdict you must assess a percentage of fault to plaintiff if you believe:
First, either:
 plaintiff failed to keep a careful lookout, or
 plaintiff violated the traffic signal, or
 plaintiff knew or by the use of ordinary care could have known that there was a reasonable likelihood of collision in time thereafter to have stopped but plaintiff failed to do so, and
Second, plaintiff, in any one or more of the respects submitted in Paragraph First, was thereby negligent, and
Third, such negligence of plaintiff directly caused or directly contributed to cause any damage plaintiff may have sustained.

After Ms. Messina objected, the court refused this proposed instruction but submitted to the jury Instruction No. 10, a modified version of the proposed instruction which provided:

In your verdict you must assess a percentage of fault to plaintiff if you believe:
First, either:
 plaintiff failed to keep a careful lookout, or
 plaintiff knew or by the use of ordinary care could have known that there was a reasonable likelihood of collision in time thereafter to have stopped but plaintiff failed to do so, and
Second, plaintiff, in any one or more of the respects submitted in Paragraph First, was thereby negligent, and
Third, such negligence of plaintiff directly caused or directly contributed to cause any damage plaintiff may have sustained.

This modified version of the instruction is nearly identical to the original proposed

instruction with the exception that the phrase "plaintiff violated the traffic signal" was removed from the proposed instruction. Ms. Prather contends it was error to remove this phrase from the instruction.

■■■■ Before a jury instruction is given, substantial evidence supporting the issue submitted must have been presented. *Griffin v. Kansas City Southern Railway Co.*, 965 S.W.2d 458, 462 (Mo.App. W.D. 1998); *Lush v. Woods*, 978 S.W.2d 521, 523 (Mo.App. W.D.1998); *State v. Hall*, 779 S.W.2d 293, 295 (Mo.App. W.D.1989). Where, as here, an instruction is disjunctive, all submissions must be supported by substantial evidence. *Griffin*, 965 S.W.2d at 462 (*quoting Elfrink v. Burlington Northern R.R.*, 845 S.W.2d 607, 611 (Mo. App. E.D.1992)). "Substantial evidence is competent evidence from which a trier of fact can reasonably decide the case." *Id.* (*quoting Mathis v. Jones Store Co.*, 952 S.W.2d 360, 366 (Mo.App. W.D.1997)). Speculative deductions and conclusions are insufficient to support the submission of an instruction to the jury. *Lush*, 978 S.W.2d at 523.

The trial court found in this case that no evidence supported the claim that Ms. Messina violated the traffic signal and, therefore, the court omitted from the proffered verdict directing instruction the phrase "plaintiff violated the traffic signal." Ms. Prather argues that sufficient evidence was presented at trial to support the proposed instruction and from which a reasonable juror could have determined that Ms. Messina violated the Charlotte Street traffic signal, and, therefore, the jury should have been instructed in accordance with the tendered jury instruction A. She contends that calculations using the duration of the yellow light, Ms. Messina's walking speed, the point at which Ms. Messina stopped in the intersection, and the distance Ms. Messina traveled before

she stopped, provide sufficient evidence by which a reasonable juror could have found that Ms. Messina entered the intersection on a yellow light and thereby violated the traffic signal. Specifically, Ms. Prather's theory asserts that Ms. Messina entered the intersection, walked to the middle of the second lane at a speed of 5.6 feet per second, and then stopped to let oncoming traffic pass. Ms. Prather claims that at this point the light had to have been red for Ms. Messina because a reasonable inference is that westbound traffic on Independence Avenue would not have been passing through the intersection without a green light. Ms. Prather's theory works backwards from the traffic control light facing Charlotte street on the north side of Independence Avenue showing red. She posits that because the Charlotte Street light remains yellow for 3.6 seconds and only 3.21 seconds were required for Ms. Messina to cross one and one half lanes, Ms. Messina must have entered the intersection when the traffic control light facing her was showing yellow. Ms. Prather's argument, however, is based on three assumptions that are not supported by evidence in the record and is, therefore, speculative and conjectural.

■■■■ First, this argument assumes that Ms. Messina traversed the avenue at a constant speed in lanes one and two as she did while attempting to avoid being struck by Ms. Prather in lane four. The only evidence offered regarding Ms. Messina's walking speed was that elicited from Officer Schultz, the accident reconstructionist. He testified as to what Ms. Messina's walking speed might have been in lane four as she attempted to get out of the way of the oncoming vehicle. He did not offer any testimony as to what Ms. Messina's rate of movement was or may have been as she crossed the first two lanes of traffic. Additionally, his testimony was not direct-

ly based on the evidence in this case but instead was based on a study done in England using subjects merely the same age as Ms. Messina.

Secondly, Ms. Prather's argument assumes that Ms. Messina stopped in the middle of the second lane, instead of the middle of Independence Avenue, to allow two westbound vehicles traveling in lane three to pass before she continued on through the intersection. The only evidence presented as to Ms. Messina's exact stopping point is from her own testimony. She testified that she stopped "in the middle of the street." Ms. Messina never testified, nor was any other evidence presented, that she stopped in the middle of the second lane and not in the middle of Independence Avenue.

Finally, Ms. Prather's argument assumes that Ms. Messina's crossing distance in the crosswalk is the same as the width of each lane on Independence Avenue measured at a ninety-degree angle. The crosswalk traversing Independence Avenue, however, is of greater distance than the sum of the width of the lanes of Independence Avenue. The crosswalk is not exactly perpendicular to the avenue because it angles to the northwest as it crosses the intersection, thereby increasing the length of the crosswalk to a distance greater than the sum of the lanes. Ms. Prather's entire argument is based on rate and distance calculations using the width of the traffic lanes as opposed to the distance actually traversed by Ms. Messina in the crosswalk. Because the angled distance across Independence Avenue is not equal to the sum of the width of the lanes of traffic, Ms. Prather's argument is not supported by substantial evidence.

None of Ms. Prather's assumptions are supported by the evidence in the record. These speculative deductions and conclusions are insufficient to support submission of the proffered instruction to the jury. The trial court, therefore, did not err in refusing to submit jury instruction A, tendered by Ms. Prather as an affirmative defense instruction. The point is denied.

### Remittitur

In her third point on appeal, Ms. Prather claims that the trial court erred in refusing to remit the damages awarded to Ms. Messina. Ms. Prather contends that the trial court should have granted remittitur because the verdict exceeded fair and reasonable compensation for Ms. Messina's injuries.

The assessment of damages is primarily a function of the jury. *Emery v. Wal–Mart Stores, Inc.,* 976 S.W.2d 439, 448 (Mo. banc 1998). A trial court has great discretion in approving a verdict or setting it aside as excessive. *Letz v. Turbomeca Engine Corp.,* 975 S.W.2d 155, 174 (Mo.App. W.D.1997). Remittitur may be ordered where the jury errs by awarding a verdict that is simply too bountiful under the evidence. *Id.* at 175. Remittitur is appropriate "if, after reviewing the evidence in support of the jury's verdict, the court finds that the jury's verdict is excessive because the amount of the verdict exceeds fair and reasonable compensation for plaintiff's injuries and damages." § 537.068, RSMo 1994. "An appellate court, therefore, 'will interfere only when the verdict is so grossly excessive that it shocks the conscience of the court and convinces the court that both the jury and the trial court abused their discretion.' " *Letz,* 975 S.W.2d at 174 (*quoting Fust v. Francois,* 913 S.W.2d 38, 49 (Mo.App. E.D. 1995)).

"No precise formula exists for determining whether a verdict is excessive, and each case must be considered on its own facts." *Willman v. Wall,* 13 S.W.3d

694, 699 (Mo.App. W.D.2000) (*citing Seabaugh v. Milde Farms, Inc.*, 816 S.W.2d 202, 211 (Mo. banc 1991)). Ultimately, the test is what amount fairly and reasonably compensates the plaintiff for the injuries sustained. *Id.* In determining whether an award is excessive, a number of factors are examined: (1) loss of income, both present and future; (2) medical expenses; (3) plaintiff's age; (4) the nature and extent of plaintiff's injuries; (5) economic considerations; (6) awards given and approved in comparable cases; and (7) the superior opportunity for the jury and the trial court to evaluate plaintiff's injuries and other damages. *Emery*, 976 S.W.2d at 448.

In this case, substantial evidence supports the jury's verdict. As a result of the accident, Ms. Messina suffers from tendinitis in her right rotator cuff as well as traumatic myofascitis. She incurred medical bills in the sum of $3,917.20. Ms. Messina has been unable to continue her employment. Her estimated lost wages, both past and future, total over $91,000. Evidence was also presented that at the time of trial that Ms. Messina continued to experience stiffness and severe pain in her right shoulder. Additionally, her continued physical pain prevents her from enjoying and engaging in many of her life activities and hobbies such as housework, ironing, yardwork, cleaning, sewing, crocheting, knitting, cooking, and gardening. Based on the evidence of Ms. Messina's injuries, expenses, lost wages, and pain and suffering, the $230,000 verdict was not excessive but instead is a fair and reasonable compensation for her injuries and damages. Remittitur, therefore, was not appropriate. The trial court did not abuse its discretion in denying Ms. Prather's motion for remittitur. The point is denied.

### Motion for New Trial

In her fourth point on appeal, Ms. Prather contends that the trial court erred in failing to grant her motion for a new trial. She argues that the record discloses the absence of probative facts to support both the jury's assessment of fault and award of damages to Ms. Messina.

When a motion for a new trial has been overruled, an appellate court reviews to determine whether sufficient evidence was presented to support the verdict. *Dearing v. City of Marceline*, 928 S.W.2d 9, 10 (Mo.App. W.D.1996). All facts and reasonable inferences arising therefrom are reviewed in the light most favorable to the jury's verdict and any evidence to the contrary is disregarded. *State v. Tracy*, 918 S.W.2d 847, 851 (Mo. App. W.D.1996). The jury verdict will not be overturned on appeal unless a complete absence of probative facts exists within the record to support it. *Dearing*, 928 S.W.2d at 10.

In order to return a verdict in favor of Ms. Messina, the jury must have found that (1) Ms. Prather owed a duty of care to Ms. Messina, (2) Ms. Prather failed to perform that duty, and (3) that Ms. Messina's injury was proximately caused by that failure. *Seitz v. Lemay Bank and Trust Co.*, 959 S.W.2d 458, 463 (Mo. banc 1998). As an operator of a motor vehicle, Ms. Prather owed a duty to exercise the highest degree of care to avoid colliding with any pedestrian upon any roadway and, in addition, is required to give warning by sounding the vehicle horn when necessary. § 300.410, RSMo 1994. Accordingly, a motorist has a duty to keep a careful lookout, to operate the vehicle at a safe rate of speed, to swerve, change lanes, slacken speed or stop to avoid colliding with a pedestrian and to give warning by sounding the horn when he or she knows or by the exercise of the highest degree of care could have known that a reasonable likelihood of collision in sufficient time to

take such preventative measures. *McHaffie By and Through McHaffie v. Bunch,* 891 S.W.2d 822, 828 (Mo. banc 1995).

The evidence, viewed in a light most favorable to Ms. Messina, supports the jury's verdict that Ms. Prather breached her duty and that Ms. Messina's injury was proximately caused by that failure. Evidence was presented that the passenger in Ms. Prather's vehicle saw Ms. Messina as she entered the intersection. The jury could reasonably infer that because the passenger in Ms. Prather's vehicle saw Ms. Messina that Ms. Prather would have seen her had she maintained a careful lookout. The record also reveals evidence that Ms. Prather could have swerved, changed lanes or brought her car to a complete stop in less than 107.37 feet, the distance she was from Ms. Messina when she actually first saw her in the roadway, unless Ms. Prather was traveling at an excessive rate of speed. Additionally, Ms. Prather testified herself that she did not give warning to Ms. Messina by sounding her horn. Such evidence supports the jury's findings that Ms. Prather failed in her duty to keep a careful lookout, to operate the vehicle at a safe rate of speed, to swerve, change lanes, or stop to avoid hitting Ms. Messina or to give warning by sounding the horn.

The record also supports that Ms. Messina's injury was proximately caused by Ms. Prather's failure to satisfy her duty owed to any pedestrian. Ms. Messina was struck by Ms. Prather's vehicle. When struck, Ms. Messina was thrown onto the hood of the car and her shoulder struck the windshield as she made contact with the car. She then rolled off the car onto the street. Ms. Messina, her niece, and her doctor all testified that as a result of the accident, Ms. Messina suffered various bruises and contusions about her body, as well as a significant injury to her right shoulder. This evidence supports the jury's finding that Ms. Prather's failure to satisfy her duty owed to any pedestrian to operate her motor vehicle to the highest standard of care was the proximate cause of Ms. Messina's injury. Thus, substantial evidence supports the jury's findings.

Ms. Prather also claims that insufficient evidence was presented to support the jury's award of damages to compensate Ms. Messina for the injuries that she sustained. As discussed under the analysis of Ms. Prather's claim that the trial court erred in refusing to remit the damages awarded to Ms. Messina, substantial evidence was presented to support the jury's award of damages. Accordingly, Point IV is denied.

## Plain Error

In points II and V on appeal, Ms. Prather claims that the trial court plainly erred in admitting the testimony of Officer Schultz and Kathleen Carpenter. In point II, she contends that Officer Schultz's testimony should have been excluded because he was not qualified as an expert, his opinion was not supported by the facts in the record, and his testimony improperly impeached Ms. Prather's credibility. In point V, Ms. Prather claims that Ms. Messina's niece, Kathleen Carpenter, should not have been allowed to testify to a specific figure regarding Ms. Messina's lost wages because her testimony was based on speculation and conjecture.

Ms. Prather concedes that she did not properly preserve these issues for appellate review and asks for plain error review under Rule 84.13(c). Ordinarily, failure to preserve an issue at the trial court waives the issue, and it is not reviewable on appeal. *Brandt v. Pelican,* 856 S.W.2d 658, 664 (Mo. banc 1993). The exception to this rule for appellate review

is articulated in Rule 84.13(c), which provides, that "[p]lain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 84.13(c). "The plain error rule should be used sparingly and does not justify a review of every alleged trial error that has not been properly preserved for appellate review." *State v. Valentine*, 646 S.W.2d 729, 731 (Mo.1983); *see also State v. Silvey*, 894 S.W.2d 662, 670 (Mo. banc 1995). Plain error review is rarely applied in civil cases. *Guess v. Escobar*, 26 S.W.3d 235, 241 (Mo.App. W.D.2000).

 Not all prejudicial error can be deemed plain error. Plain errors are those that are "evident, obvious and clear." *State v. Bailey*, 839 S.W.2d 657, 661 (Mo. App. W.D.1992). The determination whether plain error exists must be based on a consideration of the facts and circumstances of each case. *State v. Cline*, 808 S.W.2d 822, 824 (Mo. banc 1991) (citation omitted). Ms. Prather bears the burden of showing that error that is evident, obvious and clear has occurred, which error resulted in manifest injustice or a miscarriage of justice. *State v. Isa*, 850 S.W.2d 876, 884 (Mo. banc 1993).

*A. Officer Schultz's Testimony*

 Expert testimony is admissible on subjects about which the jurors lack experience or knowledge. *State v. Love*, 963 S.W.2d 236, 241 (Mo.App. W.D.1997). Because jurors generally do not possess the specialized knowledge and training needed to calculate a vehicle's stopping distance, Missouri courts have approved the admission of expert testimony regarding such distances if the testimony will help the jury better understand the evidence. *Rose v. Fague–Prouhet*, 701

S.W.2d 509, 511–512 (Mo.App. E.D.1985). Whether a witness is qualified as an expert is a matter within the discretion of the trial court. *Love*, 963 S.W.2d at 241. "The test of whether a witness is qualified as an expert is whether the witness has knowledge or skill from education or experience that will aid the trier of fact." *Id.* The trial court's determinations of the qualifications of a witness will not be disturbed unless it plainly appears that there has been an abuse of discretion. *Cheek v. Weiss*, 615 S.W.2d 453, 456 (Mo.App. E.D. 1981).

 Ms. Prather does not establish that an error that is evident, obvious and clear has occurred that resulted in manifest injustice or a miscarriage of justice warranting relief under Rule 84.13(c). In the case at bar, Officer Schultz was called by Ms. Messina to offer testimony regarding his calculations of the stopping distance of Ms. Prather's vehicle. His opinion involved an application of principals of accident reconstruction requiring specialized knowledge and information not possessed by ordinary jurors. Officer Schultz began his testimony with a discussion of his background and specialized training in the field of accident reconstruction. He testified that he had taken a number of courses in accident investigation and reconstruction, totaling over 100 hours of specialized training and has a number of years of practical experience in the field. In addition, a copy of Officer Schultz's resume and CV were admitted into evidence. Based on this evidence, the trial court did not err in finding Officer Schultz's competence and expertise in the area of accident investigation and reconstruction to be superior to that of the ordinary jury and permitting him to testify as an expert regarding the stopping distance of Ms. Prather's vehicle.

■ Additionally, Officer Schultz's opinions offered at trial were founded upon substantial information provided to him before trial. His testimony was limited to calculating the stopping distance of Ms. Prather's vehicle at various speeds of travel. In his testimony, he relied on pictures taken at the scene of the accident, the deposition testimony of Ms. Prather and Ms. Messina, and the accident police report. Based on these materials and a visit to the scene of the accident, Officer Schultz created a scaled diagram of the intersection to aid him in the explanation of his testimony to the jury. Officer Schultz testified that using the photographs of the scene which contained markings made by Ms. Prather indicating the placement of her vehicle both when she first saw Ms. Messina and when her vehicle struck Ms. Messina, as well as Ms. Messina's location at both these points in time, he mapped out the parties various locations on his scaled diagram of the intersection. Officer Schultz further testified that he used the placement of the parties and the measurements from the scene to calculate the stopping distance of Ms. Prather's vehicle at various speeds of travel. Officer Schultz then gave his opinion as to the distance Ms. Prather needed to stop her vehicle at the various speeds of travel. This opinion was clearly based on all the information and materials Officer Schultz was provided and is fundamentally supported by the record. The trial court, therefore, did not err in allowing Officer Schultz to testify as an expert regarding the stopping distance of Ms. Prather's vehicle based on the information he was provided.

■ Finally, while it is certainly true that an expert may not testify as to the credibility of other witnesses, *Peterson v. National Carriers, Inc.,* 972 S.W.2d 349, 357 (Mo.App. W.D.1998), Officer Schultz did not testify that Ms. Prather was not credible. He simply testified regarding the distance Ms. Prather needed to stop her vehicle at the various speeds of travel based on Ms. Prather's deposition testimony and her placement of her vehicle on photographs of the intersection. While the jury may have determined based on this expert's testimony that Ms. Prather was not credible, that determination was left to the jury. An expert does not improperly comment on credibility simply because his or her testimony, if accepted, may cause the jury to conclude that a witness is not credible. *Id.*

■ Because Ms. Prather does not establish that an error that is evident, obvious and clear has occurred, thus failing to establish the occurrence of plain error, relief under Rule 84.13(c) is not warranted. Admitting the testimony of Officer Schultz was not plain error. Even assuming arguendo that the admission of Officer Schultz's testimony was plain error, no manifest injustice or miscarriage of justice resulted from the testimony.

*B. Kathleen Carpenter's Testimony*

■ A personal injury plaintiff "may prove a resulting loss of time, and a consequent loss of personal earnings or wages as an item of special damages" and may recover for loss of future earnings due to impairment of the plaintiff's earning capacity. *Seymour v. House,* 305 S.W.2d 1, 3 (Mo.1957). To recover for such losses, the evidence of value must be reasonably certain and must not be speculative, or, in other words, it "must afford a basis for a reasonable estimate of the amount of the loss." *Id.* at 3–4. Thus:

[I]f one cannot measure the damages exactly, the law only requires that the evidence, with such certainty as the evidence will permit, lay a foundation to enable the jury to make a fair and rea-

sonable estimate.... A plaintiff need only produce the best evidence available such that it is sufficient to afford a reasonable basis for estimating the damages.

*Fairbanks v. Weitzman,* 13 S.W.3d 313, 320 (Mo.App. E.D.2000) (*quoting Weindel v. DeSoto Rural Fire Protection Ass'n, Inc.,* 765 S.W.2d 712, 714 (Mo.App. E.D. 1989)). Evidence may include the injured plaintiff's earnings before the injury and after the injury. *McDonald v. Missouri—Kansas—Texas R.R.,* 401 S.W.2d 465, 471 (Mo.1966).

■ Ms. Prather has failed to establish that the admission of Kathleen Carpenter's testimony regarding Ms. Messina's lost wages was error. Ms. Prather, therefore, does not establish that the alleged error is evident, obvious and clear, thereby constituting plain error subject to consideration for relief under Rule 84.13(c). Ms. Carpenter's testimony regarding Ms. Messina's lost wages was not based on speculation and conjecture. Ms. Carpenter took care of Ms. Messina's finances both before and after the accident. While she did not financially support Ms. Messina, Ms. Carpenter testified that she maintained Ms. Messina's checking account and was responsible for paying her bills from that account. In maintaining Ms. Messina's bank account, Ms. Carpenter was familiar with Ms. Messina's earnings and lost wages before and after the accident. Her testimony and calculations regarding the lost wages were based on these past and present dealings with Ms. Messina's financial affairs. Ms. Carpenter testified regarding Ms. Messina's lost wages by taking the rate of pay from Ms. Messina's final paycheck and multiplying that rate by the amount of time Ms. Messina had been out of work up to the time of trial and up to her 65th birthday. Ms. Carpenter's testimony afforded the jury a basis for a reasonable estimate of the amount of Ms. Messina's lost wages; past, present, and future. Thus, admitting the testimony of Ms. Carpenter was not error. Accordingly, because Ms. Prather does not establish that an error that is evident, obvious and clear has occurred, consideration for relief under Rule 84.13(c) is not warranted.

Ms. Prather's claims of plain error, Points II and V, are, therefore, denied.

## Denial of Motion for a Directed Verdict

In Point VI, Ms. Prather complains that the trial court erred in failing to sustain her motion for directed verdict. Specifically, she claims that there was no competent evidence presented at trial that demonstrated that she failed to perform her duty to Ms. Messina and that the failure to perform that duty was the proximate cause of Ms. Messina's injury.

■ In reviewing the trial court's denial of Ms. Prather's motion for a directed verdict, the evidence and reasonable inferences arising therefrom are reviewed in the light most favorable to the jury's verdict and any evidence to the contrary is disregarded. *Seitz v. Lemay Bank & Trust Co.,* 959 S.W.2d 458, 461 (Mo. banc 1998). The trial court's decision will be reversed only if all of the evidence and reasonable inferences are so strongly against the plaintiff's case that reasonable minds could not differ. *Eide v. Midstate Oil Co.,* 895 S.W.2d 35, 39 (Mo.App. W.D. 1995) (*citing Schnelting v. Coors Distributing Co.,* 729 S.W.2d 212, 214 (Mo.App. E.D.1987)). If the record contains probative facts that support the conclusion reached by the jury, the judgment of the trial court will be affirmed. *Brenneke v. Dept. of Missouri, Veterans of Foreign Wars,* 984 S.W.2d 134, 137 (Mo.App. W.D. 1998).

██ As previously discussed in Point IV, considering the evidence in the light most favorable to the jury's verdict, sufficient evidence was presented at trial for the jury to find that Ms. Prather failed to perform her duty to Ms. Messina and that the breach of that duty was the proximate cause of Ms. Messina's injury. Accordingly, the trail court did not err in failing to sustain Ms. Prather's motion for directed verdict. Point VI is denied.

The judgment of the trial court is affirmed.

LOWENSTEIN, P.J., and HOWARD, J., concur.