**Beverly Sue RYAN, Public Administrator of Clay County, Missouri, Respondent,**

v.

**Rhonda MADDOX, Appellant.**

No. WD 61782.

Missouri Court of Appeals, Western District.

Aug. 19, 2003.

Steven M. Petry, Kansas City, for appellant.

Mark Murphy, Liberty, for respondent.

Before JAMES M. SMART, JR., P.J., ROBERT G. ULRICH and LISA WHITE HARDWICK, JJ.

ROBERT ULRICH, Judge.

Rhonda Maddox ("Appellant") appeals the judgment entered following a jury trial finding her to be disabled and unable to manage her financial resources and appointing Beverly Sue Ryan ("Respondent"), Clay County Public Administrator, as her conservator. Appellant asserts two points on appeal. In her first point, Appellant claims that the trial court plainly erred in denying her motion in limine to preclude evidence about her refusal to take her prescribed medication and by permitting the introduction of such evidence. Her second point asserts that the trial court erred in denying her motion for a directed verdict and motion for judgment notwithstanding the verdict because Respondent failed to present clear and convincing evidence that she was incapable of managing her financial resources. The judgment of the trial court is affirmed.

## Factual and Procedural History

Appellant suffers from paranoid schizophrenia. Robin Maddox ("Ms. Maddox"), Appellant's sister-in-law, was appointed limited guardian for Appellant on February 26, 1996.[1] As limited guardian, Ms. Maddox's authority was limited to: (1) determine and make decisions regarding health care and all medical treatment; (2) determine and make decisions regarding psychiatric medication and psychiatric treatment; and (3) determine placement or hospitalization for medical or psychiatric treatment. Respondent was appointed successor limited guardian for Appellant on November 24, 1997.

On March 8, 2002, Respondent filed an Application for Appointment of Conservator and Increase of Guardianship Powers.[2] Appellant requested a jury trial. The case was set for trial before a jury on May 20, 2002. Prior to the trial commencing, Appellant filed a motion in limine to preclude Respondent from offering evidence pertaining to Appellant's refusal to take medication prescribed to treat her schizophrenia, Appellant's hospitalization for failing to take the prescribed medicine, and Appellant's conduct in dealing with Respondent. The trial court denied Appellant's motion. Appellant made no objection to the introduction of the evidence referred to in the motion in limine.

Respondent was the only party to offer evidence at trial. Appellant chose not to testify or offer other evidence. The evidence in support of the judgment established that Appellant has resided in her own apartment with the assistance of her

---

1. At that time, a conservator of Appellant's estate was not appointed.

2. Prior to trial, Respondent's dismissed her request for an increase in guardianship powers.

case manager, Terri Edwards ("Ms. Edwards"). Ms. Edwards has exercised authority over the medication, hospitalization, and residency of Appellant since 1997. Appellant must be medicated to avoid the mental consequences of schizophrenia. The evidence established that Appellant refused to take her medication and was hospitalized at Western Missouri Mental Health Center in March 2002. Appellant's treating psychiatrist, Dr. Donald Simmons ("Dr. Simmons"), testified that Appellant has suffered from and will continue to suffer from paranoid schizophrenia. He confirmed that she will need medication to overcome the symptoms of schizophrenia for the rest of her life. Dr. Simmons testified that Appellant responds well to treatment when in a hospital environment where nurses administer her medication via injection because she refuses to take oral medication. Appellant's psychological problems are directly related to her refusal to take her medication. When medicine is not administered, Appellant experiences the attendant effects of schizophrenia. Dr. Simmons testified that Appellant's mental illness impairs her ability to manage her finances. Additionally, he opined that Appellant exercises poor judgment, is incapable of providing for her personal needs, and would benefit from the appointment of a conservator.

Appellant has a checking account at Lawson Bank. The main source of Appellant's income is a social security disability check that she receives from the federal government on a monthly basis in the amount of $821.00. She also has received money from her relatives, namely her mother and sister-in-law. Between January and March 2002, Appellant wrote twenty-six checks that did not clear her bank account due to insufficient funds. This occurred shortly before she was hospitalized. This behavior, coupled with Appellant's compulsive spending habits,

prompted Respondent to file her application for appointment as conservator of Appellant's estate.

After the evidence had been presented, Appellant filed a motion for directed verdict claiming that Respondent failed to prove that she was disabled by clear and convincing evidence. She further asserted in her motion that, when medicated, she is capable of living on her own and managing her financial resources. The trial court denied the motion. After trial, Appellant filed a motion for judgment notwithstanding the verdict or in the alternative for new trial. The trial court denied the motion. This appeal followed.

## Point One

 In her first of two points, Appellant claims that the trial court erred in denying her motion in limine to preclude evidence of her refusal to take medication for her schizophrenia and by permitting the introduction of such evidence. Because Appellant failed to object to the introduction of this evidence at trial, she has failed to properly preserve the issue for appellate review. She concedes her failure to preserve the issue for review and asks this court to review her claim for plain error.

 Denial of a motion in limine is interlocutory and presents nothing for appellate review. *In re K.K.J.*, 984 S.W.2d 548, 554 (Mo.App. S.D.1999) (citing *Ellis v. Jurea Apartments, Inc.*, 875 S.W.2d 203, 210 (Mo.App. S.D.1994)). An appellant's failure to preserve an issue at the trial court waives the issue, and it is not reviewable on appeal. *Messina v. Prather*, 42 S.W.3d 753, 762 (Mo.App. W.D.2001) (citing *Brandt v. Pelican*, 856 S.W.2d 658, 664 (Mo. banc 1993)). Missouri Rule of Civil Procedure 84.13(c) provides an exception

to this rule and governs plain error review of civil cases.[3] Rule 84.13(c) provides:

> Plain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom.

Appellate courts rarely grant plain error review in civil cases, as the rule " 'should be used sparingly and does not justify a review of every alleged trial error that has not been properly preserved for appellate review' " *Messina*, 42 S.W.3d at 763 (quoting *State v. Valentine*, 646 S.W.2d 729, 731 (Mo.1983)). The propriety of granting plain error review is fact-specific. *Id.*

Evidence of Appellant's refusal to take medication for schizophrenia was relevant to demonstrate that Appellant is disabled and incapable of managing her financial resources. Admission of the evidence did not constitute plain error. Point one denied.

### Point Two

In point two, Appellant claims that the trial court erred by denying her motion for a directed verdict and motion for judgment notwithstanding the verdict because the trial court lacked sufficient evidence to support its finding of disability. Specifically, she argues that Respondent failed to make a submissible case because Respondent failed to produce sufficient evidence that Appellant is unable to manage her financial resources. A review of the record on appeal establishes that the evidence was sufficiently clear and convincing to support the trial court's determination

that appointment of a conservator was warranted.

### Standard of Review

The standard of review of a trial court's denial of motions for directed verdict and judgment notwithstanding the verdict is whether the plaintiff has made a submissible case. *Eagle ex rel. Estate of Eagle v. Redmond*, 80 S.W.3d 920, 923 (Mo.App. W.D.2002) (citing *Brown v. Hamilton Ins. Co.*, 956 S.W.2d 417, 419 (Mo.App.1997)). To make a submissible case, a plaintiff must present "substantial evidence that tends to prove the facts essential to plaintiff's recovery." *Uptergrove v. Hous. Auth. of City of Lawson*, 935 S.W.2d 649, 651 (Mo.App. W.D.1996) (quoting *Schaffer v. Bess*, 822 S.W.2d 871, 876 (Mo.App.1991)). Substantial evidence is evidence that, if true, has probative force upon the issues, and from which the trier of fact can reasonably decide a case. *First State Bank of St. Charles, Mo. v. Frankel*, 86 S.W.3d 161, 169 (Mo.App. E.D.2002) (citing *Coggins v. Laclede Gas Co.*, 37 S.W.3d 335, 338 (Mo.App. E.D.2000)).

An appellate court determines whether a plaintiff makes a submissible case by viewing the evidence and all reasonable inferences therefrom in the light most favorable to the prevailing party. *Erdman v. Condaire, Inc.*, 97 S.W.3d 85, 88 (Mo.App. E.D.2002) (citing *Coggins*, 37 S.W.3d at 338). The prevailing party's evidence is presumed true and any of the non-prevailing party's evidence that does not support the prevailing party's case is disregarded. *Id.* An appellate court will not supply missing evidence or give the prevailing party the benefit of unreason-

---

**3.** Missouri Rule of Criminal Procedure 30.20 governs plain error review of criminal cases. Because the two rules are substantially similar, precedent construing one rule may be equally applicable to plain error review under

the other rule. *See, e.g., State ex rel. Boling v. Malone*, 952 S.W.2d 308, 311 n. 4 (Mo.App. W.D.1997) (applying a criminal case's analysis of plain error review to a civil case).

able, speculative or forced inferences. *First State Bank*, 86 S.W.3d at 169 (citing *Coggins*, 37 S.W.3d at 339). A jury verdict will not be overturned unless there is a complete absence of probative facts to support it. *Erdman*, 97 S.W.3d at 88 (citing *Coggins*, 37 S.W.3d at 338). Where reasonable minds can differ on the question before the jury, a court may not disturb the jury's verdict. *Eagle*, 80 S.W.3d at 923 (citing *Feely v. City of St. Louis*, 898 S.W.2d 708, 709 (Mo.App.1995)). The jury determines the credibility of the witnesses. *Giddens v. Kansas City S. Ry. Co.*, 29 S.W.3d 813, 819 (Mo. banc 2000). A directed verdict or judgment notwithstanding the verdict is only appropriate when the plaintiff fails to make a submissible case. *Crawford ex rel. Crawford v. Shop 'N Save Warehouse Foods, Inc.*, 91 S.W.3d 646, 650 (Mo.App. E.D.2002) (citing *Boyer v. Sinclair & Rush, Inc.*, 67 S.W.3d 627, 632 (Mo.App. E.D.2002)).

A conservator is appointed for those adjudged to be disabled. § 475.030.1, RSMo 2000. The primary function of a conservator is to provide financial assistance to a disabled person. *In re Swearingen*, 42 S.W.3d 741, 749 (Mo.App. W.D. 2001) (quoting *Estate of Ewing v. Bryan*, 883 S.W.2d 545, 548 (Mo.App. W.D.1994) (quoting § 475.061.1, RSMo 1986)). The person petitioning to be a conservator has the burden of proving disability by clear and convincing evidence. § 475.075.7, RSMo 2000. Disability has to do with a person's ability to manage financial resources. *In the Matter of Nelson*, 891 S.W.2d 181, 184 (Mo.App. W.D.1995). A disabled person is defined as one who is:

(a) unable by reason of any physical or mental condition to receive and evaluate information or to communicate decisions to such an extent that the person lacks ability to *manage his financial resources* [.]

§ 475.010(4)(a), RSMo 2000 (emphasis added). Section 475.010(11), RSMo 2000, sets forth the standard for "manag[ing] financial resources" and provides:

[E]ither, those actions necessary to obtain, administer and dispose of real and personal property, intangible property, business property, benefits, income or any assets, or those actions necessary to prevent waste, loss or dissipation of property, or those actions necessary to provide for the care and support of such person or anyone legally dependent upon him by a person of ordinary skills and intelligence commensurate with his training and education[.]

The determination of whether to appoint a conservator is based on the respondent's condition at the time of the hearing. *In the Matter of Mitchell*, 914 S.W.2d 844, 847 (Mo.App. S.D.1996) (citing *In the Matter of Nelson*, 891 S.W.2d at 187).

The evidence presented at trial established that Appellant is disabled and unable to manage her finances. Appellant suffers from paranoid schizophrenia. Dr. Simmons, her treating psychiatrist at Western Missouri Mental Health Center, described her condition as a severe mental illness characterized by delusions and hearing voices of persons not present. He explained that Appellant's mental illness impairs her ability to exercise good judgment. Dr. Simmons stated that, although Appellant has the ability to identify money and count it, she is not capable of managing it. He concluded that Appellant would never be cured of schizophrenia and would have to remain on medication for the rest of her life.

Appellant contends that she is capable of managing her financial resources when she is properly medicated. Evidence presented at trial showed that Appellant has had help with her finances even when she was properly medicated. In 1996, Appellant's

**482**

sister-in-law, Robin Maddox, was designated as payee on Appellant's social security check. Appellant required assistance in paying her bills from 1996 to 2001 even though she was then properly medicated. Robin Maddox testified that she gave Appellant a weekly allowance instead of a lump sum of money because Appellant was incapable of budgeting a lump sum of money. She also testified that Appellant spends compulsively and lives beyond her means. Between January and March 2002, Appellant wrote twenty-six (26) insufficient funds checks on her checking account.

Appellant claims that she wrote the checks because she had quit taking her medication on the advice of a physician. Yet, Dr. Simmons testified that Appellant does not believe she needs medication and has repeatedly refused to take oral medication necessitating administration of her medication by injection. Additionally, Appellant has run away from the treating medical facility on at least two occasions.

Both Dr. Simmons and Appellant's case manager testified that they believed that Appellant would benefit from the appointment of a conservator. Dr. Simmons further testified that he did not believe Appellant could manage her finances even if she were properly medicated. Appellant offered no evidence at trial to contradict Respondent's evidence.

Substantial evidence exists to support the jury's determination that Appellant requires the appointment of a conservator. Respondent presented sufficient evidence of Appellant's disability and her inability to manage her financial resources to make a submissible case. The trial court did not err in denying Appellant's motion for a directed verdict and motion for judgment notwithstanding judgment. Point two denied.

The judgment of the trial court is affirmed.

All concur.